## UNITED STATES v. CROWLEY.

(District Court, N. D. Georgia. May, 1922.)

**1. Arrest ⬤⇒63(3)—Accused's refusal to submit to search held not admission of guilt, justifying arrest and search.**

Accused's refusal to submit to search *held* not admission of guilt, justifying his arrest and search as person committing crime in officer's presence, notwithstanding search revealed such a crime.

**2. Arrest ⬤⇒63(2)—Detention and search without warrant of person attempting to pass military picket held not unreasonable.**

Detention and search of person attempting to pass military picket, to prevent wrongful importation of prohibited articles into United States military reservation, is not unreasonable, and may be made without warrant.

**3. Criminal law ⬤⇒395—Liquor discovered through search by military picket without warrant held admissible.**

Intoxicating liquor, discovered as result of search of person attempting to pass military picket to prevent wrongful importation of prohibited articles into United States military reservation, is admissible against such person.

Charley Crowley was convicted of unlawfully transporting intoxicating liquors. On defendant's motion for a new trial. Motion overruled.

Clint W. Hager, U. S. Atty., and John W. Henley, Asst. U. S. Atty., both of Atlanta, Ga.

Bentley H. Chappell, of Columbus, Ga., for defendant.

SIBLEY, District Judge. The defendant, a taxicab driver, was driving his automobile into a military reservation known as Ft. Benning, when he was halted and a picket officer announced a purpose to search his car. The defendant objected and began to back out, when he was required to get out of it. The car was searched and intoxicating liquors found therein, and he was arrested and turned over to the civil authorities for prosecution under the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Ft. Benning is ground under the exclusive jurisdiction of the United States as a school for military training. General orders of force there forbid the carrying of intoxicating liquors within it and authorize the stopping and search of suspected cars, except those of officers in uniform.

[1] Can the defendant be convicted under evidence so obtained? The question is of great practical importance to the military authorities. The officer did not see the liquor before searching and went wholly on suspicion. If made by a civil officer and on ordinary ground, the search would have been illegal and the evidence unconstitutional. The defendant's refusal to submit to search cannot be treated as such evidence of guilt as would justify the arrest and search as of a person committing a crime in the arrester's presence, for if the accused should not refuse to be searched he would waive his right, and if he did refuse he would lose it, and thus his constitutional right would become wholly illusory and vain. The search cannot be justified as one following an arrest for a crime in the officer's presence, though in point of fact the search revealed such a crime.

[2, 3] But the arrest by a military person, upon a military reservation, under military orders, stands, I think, upon a different basis. Just as an arrest without warrant for a crime committed in the arrester's presence, followed by a search of his person, has never been considered an unreasonable search, within the meaning of the constitutional provision, so the detention and search of a person seeking to pass a military picket under circumstances of suspicion have always been considered allowable. No doubt one entering a prison or penitentiary may similarly be searched without a warrant. One passing a customs inspection may have person and effects searched for contraband without a warrant. Perhaps a consent is implied from the presentation of person or effects before the customs officer, which consent cannot be withdrawn when the search is begun. So the defendant, who well knew the regulations, and who had had his car inspected before, may be considered as consenting thereto when he presented it at the entrance of the camp. He could not reasonably be allowed to load up with intoxicants on the chance of being permitted to pass without inspection, and be accorded freedom to depart in peace to try to pass some other picket, when met by a demand for inspection, he refusing to submit. It is to be remembered that in this case, as in that of the customs house, the object of the search is not to procure evidence of a crime, which would not be permissible, but to prevent a wrongful importation into the camp or country of forbidden articles. A search for this purpose is not unreasonable in law, and may be made instanter and without a warrant. Such a search being lawful, that it incidentally discloses evidence of a crime does not make the evidence inadmissible.

The motion for a new trial is overruled.