267 So.2d 186

STATE of Louisiana

v.

Emma Jewell PITTS.

No. 52344.

Oct. 4, 1972.

Jack N. Rogers, Baton Rouge, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Richard H. Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Emma Jewell Pitts, appeals her jury conviction of attempting to introduce contraband into a correctional institution in violation of La.R.S. 14:402 for which she was sentenced to serve three years in the State Penitentiary. On appeal, the defendant relies upon three bills of exceptions reserved and perfected during her trial.

Bill of Exceptions No. 1 alleges the trial court erred when it refused to sustain a motion to quash and a motion to suppress evidence. The defendant maintains the seizure of the CNS drugs was unlawful in that there was no probable cause for the search, and that the defendant had not consented to be searched.

On November 21, 1970, the defendant approached the main gate of the Louisiana State Penitentiary at Angola for the purpose of visiting her husband, an inmate. When the defendant entered the gatehouse to request a visitor's pass, a security officer informed her that two female employees of the penitentiary would like to search her. She was then searched and in her purse, inside of what appeared to

be two new packs of Pall Mall cigarettes, 460 capsules of central nervous system stimulants were found.

This Court can take notice of the unique problems prison authorities have in preventing contraband from reaching the hands of the prison population. In order to maintain prison security, certain measures must be taken to insure that visitors to the prison do not smuggle contraband articles to the inmates. Persons who wish to visit prisons must therefore realize that their persons are subject to search if they intend to enter the prison confines.

We have read the transcript of the hearing on the Motion to Quash and Motion to Suppress Evidence, and we have read the transcript of the trial. The two matrons who searched the defendant both stated that they asked the defendant if she objected to the search before proceeding. The defendant, herself, testified she was told by the prison matrons, " . . . we would like to search you, do you have any objections * * * They asked me if they could and I said yes." Under the facts as they appear in the transcripts we cannot disagree with the trial judge's conclusion that the search was made with the consent of the defendant, though she may not have been told specifically that she could refuse to be searched. The factual determination of the trial court regarding the validity of the consent should be given great weight, and it will not be disturbed on review unless clearly erroneous. State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); State v. Hall, 257 La. 253, 242 So.2d 239 (1970).

In Bill of Exceptions No. 2 the defendant argues evidence seized as a result of the search complained of in Bill of Exceptions No. 1 was improperly admitted into evidence. The defendant maintains the search was conducted because she was a suspect rather than the subject of a routine security search. Having found the defendant consented to the search, this contention must fail. This second Bill of Exceptions lacks merit.

The defendant's third Bill of Exceptions argues the trial court incorrectly denied a motion for a new trial. The motion for new trial contains the same allegations of error made in Bills of Exceptions Nos. 1 and 2. For the reasons stated in our treatment of those bills of exceptions we find this third and final bill of exceptions lacks merit.

For the reasons assigned, the conviction and sentence are affirmed.