OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
When Appellant sought to visit an inmate at Tallahassee Community Correctional Center, she was subjected to a warrantless search of her person and possessions, which search disclosed certain drugs in the pocket of her sweater. She was convicted of introducing contraband into a correctional facility, proscribed by Section 944.47, Florida Statutes (1979). The appellate issue presented is whether the trial court erred in denying Appellant’s motion to suppress the evidence seized from her person as a result of the search.
In order to focus clearly upon what we believe to be justification for the search, and thus dispositive of the appellate issue, we note that the search was not incident to a lawful arrest, nor based upon Appellant’s express consent. Furthermore, while under the facts of this case there is arguably an implied consent, we need not ground our decision on implied consent. Rather, we find and so hold that the search was not unreasonable (and thus, not constitutionally invalid), because the governmental interest to be protected (preventing the introduction of contraband into a prison or correction facility) substantially outweighs the gov *989 ernmental intrusion of privacy suffered by Appellant at a time when and place where she had only minimal expectation of privacy-
A Department of Correction rule relating to visiting procedures provided that “... [visitors] may be required to submit to a search of their person and possessions before being admitted.” There was no evidence that Appellant had actual knowledge of this rule. Nonetheless, in this day and age we think it highly improbable, if not inconceivable, that any person of normal or average intelligence would be unaware of the likelihood, if not the requirement, that they be subjected to a search of their person and possessions before being allowed to visit an inmate in a correctional facility or prison. Thus, as a visitor at the correctional facility, Appellant did not have a reasonable expectation of privacy to be free from some type of search of her person and possessions.
It takes little imagination nor much elaboration to envision the substantial extent of the governmental interest in preventing weapons, drugs, or other contraband from falling into the hands of inmates of correctional facilities through means of being brought into the facility by visitors carrying such weapons, drugs, or other contraband on their persons or among their possessions. The Legislature felt strongly enough about the matter to enact the statute under which Appellant stands convicted, and this Court, in Delatte v. State, 384 So.2d 245 (Fla. 1st DCA 1980), quoted with approval a statement from State v. Kaluna, 55 Haw. 361, 520 P.2d 51, 61 (1974), that “. .. police have full authority to prohibit the entry of weapons, drugs or other potentially harmful items into jail.” The limited intrusion upon Appellant’s reasonable expectation of privacy as balanced against the substantial governmental interest in preventing the introduction of weapons, drugs, and other contraband into the confines of the correctional facility, makes the search reasonable when conducted solely for the purpose of discovering whether a prospective visitor poses a threat to the security of the prison or correctional facility, and the safety of its personnel and the public. Accord, State v. Manghan, 126 N.J.Super. 162, 313 A.2d 225 (1973).
The type of search which we here find and hold to be reasonable is analogous to the air passenger search, the validity of which was upheld in Shapiro v. State, 390 So.2d 344 (Fla.1980), on reasoning substantially similar to that herein expressed.
Several federal courts have held that when a search is made to prevent the entry of forbidden articles into a designated area, a warrantless search may be reasonable even though probable cause is negligible or absent. See U. S. v. Grisby, 335 F.2d 652 (4th Cir. 1964); U. S. v. Kroll, 351 F.Supp. 148 (W.D.Mo.1973); Davis v. Reynolds, 319 F.Supp. 20, 22 (N.D.Fla.1970).
Essential to the validity of a search of this type is that it not only be reasonable at its inception, but also that the scope of the search be reasonably related to the purpose which justified it in the first instance. U. S. v. Kroll, supra. By and large the question of whether the scope of the search in a particular case extended beyond that which was reasonably related to the purpose which justified the search in the first instance will necessarily turn upon the facts of each case. We find nothing in this case indicating that the scope of the search exceeded that reasonably related to the purpose of the search.
AFFIRMED.
McCORD, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.