COLE, Judge.
The issue presented is whether or not an unreasonable search of defendant was conducted by prison personnel when defendant sought to visit her inmate son at the Louisiana State Penitentiary. Unreasonable searches and seizures are prohibited by the Fourth and Fourteenth Amendments to the United States Constitution. The right of privacy is protected also by Article 1, Section 5, of the Louisiana Constitution of 1974.
Defendant, Pearl Balser, was charged by grand jury indictment with introducing contraband into the grounds of a correctional institution in violation of R.S. 14:402. Following the denial of her motion to suppress, defendant withdrew her not guilty plea and pled guilty, reserving the right to appeal the court’s ruling. The court sentenced defendant to six months at hard labor. Defendant appeals her conviction, alleging only the trial court erred in denying her motion to suppress.
On November 12, 1983 defendant attempted to visit her son, an inmate at the state prison. She underwent a routine “pat-down” search upon entering the prison facility and was instructed to return several items to her car. Upon re-entry defendant underwent another pat-down search. Along with the other visitors, she then boarded a prison bus and was taken to a visiting area located approximately a mile inside the facility. As the visitors filed into the visiting room, defendant was asked to step aside. Two female prison employees took her to a private room and informed her she was to be strip searched. They stated defendant did not resist or object, but merely questioned why she had been singled out from the other visitors. One of the employees testified if defendant had refused to be searched, she would have been asked to leave and would not have been permitted to visit her son, but she would not have been searched. According to defendant, she told the prison employees she did not want to be searched and repeatedly asked why she was chosen for that purpose. As a result of the search, fourteen balloons containing marijuana were discovered in defendant’s sock.
At the suppression hearing the court found defendant had not actively consented to the search. The court did accept the testimony of the prison employees that defendant did not actually object or refuse to be searched. The court denied the motion to suppress on the grounds the contraband could have been discovered in a pat-down search, which it felt was justified in the interest of security. We affirm the denial of defendant’s motion to suppress, but for different reasons. Based upon a totality of the circumstances, we find the search was reasonable and thus constitutionally permissible.
Due to security requirements, special considerations are present when dealing with visitors to prison facilities. In State v. Pitts, 263 La. 38, 267 So.2d 186, 187 (1972), the Louisiana Supreme Court, recognizing the special problems facing prison officials, stated:
“In order to maintain prison security, certain measures must be taken to insure that visitors to the prison do not smuggle contraband articles to the inmates. Persons who wish to visit prisons must therefore realize that their persons are subject to search if they intend to enter the prison confines.”
Defendant admitted being aware of signs posted at Angola stating that those entering were subject to personal searches. Accordingly, we find defendant consented to such a search when, having this knowledge, she freely chose to enter the prison grounds. Furthermore, under these circumstances, defendant did not have a reasonable expectation of privacy upon entering the prison.[1]
*76 At no time did defendant revoke this consent, either by her words or actions. She did not resist or object when asked to step into a private room, nor did she refuse to remove her clothing. She cooperated fully with prison personnel. There is no indication her cooperation was the result of threats, physical or psychological abuse or threats. In this regard, we note defendant had been visiting her son approximately once a month for at least three years. She had undergone numerous pat-down searches and was familiar with the penitentiary setting and the prison personnel. Under these circumstances, any coercion inherent in the situation would be virtually eliminated.
In addition to the attendant circumstances, defendant also gave written consent to a personal search. On February 6, 1980 defendant completed and signed a form requesting her name be placed on the list of approved visitors to Angola. This form contained the following language immediately above the signature line:
“I HEREBY AGREE TO A PERSONAL SEARCH BY SECURITY PERSONNEL OF THE LOUISIANA STATE PENITENTIARY WHILE ON PRISON GROUNDS.”
As noted above, defendant at no time revoked her voluntary consent to a personal search. One of the specifically established exceptions to the requirements of both a search warrant and probable cause is a search conducted pursuant to consent, and to determine whether consent was voluntary a court must look to the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Ludwig, 423 So.2d 1073 (La.1982). Defendant’s past experiences, her knowledge of the rules, her expectations of privacy compromise, and her initial written consent to personal searches by security personnel, all taken together, validates the constitutionality of the search.
For the above reasons, we affirm defendant’s conviction.
AFFIRMED.

. As a predicate to the claim a warrantless search of a prison visitor may violate constitutional rights as regards unreasonable searches and seizures, our sister state of Florida requires one must first establish a reasonable expectation of privacy to be free from the particular *76 intrusion involved. See, Wells v. State, 402 So.2d 402 (Fla.1981); Williams v. State, 400 So.2d 988 (Fla.App. 1st Dist.1981), rehearing denied, 411 So.2d 385 (Fla.1981). We deem this a sound approach.