465 So.2d 825 (1985)
STATE of Louisiana, Appellee,
v.
Billy Ray COOK, Appellant.
No. 16736-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Writ Denied April 19, 1985.
*826 Indigent Defender's Office by Richard C. Goorley and Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Scott J. Crichton, Gay C. McNeely, and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL and SEXTON, JJ., and PRICE, J. Pro Tem.
HALL, Judge.
The defendant, Billy Ray Cook, was charged along with a co-defendant, Gregory Greene, with simple burglary, LSA-R.S. 14:62. Greene pled guilty to the charge prior to trial. After trial, defendant was found guilty by the jury of attempted simple burglary. The defendant was sentenced to serve five and one half years at hard labor. The defendant appealed assigning as error the insufficiency of the evidence and the excessiveness of the sentence. Finding no error, we affirm the conviction and sentence.

FACTS
At approximately 11:40 p.m. on September 14, 1983, Shreveport police officers received a report of a silent alarm at the J.C. Penney's store in the Shreve City Shopping Center in Shreveport. Officers responding to the report observed a blue Buick Regal, with the driver and a passenger sitting in *827 the front seat, leaving the parking lot of the shopping center. The officers followed the car for a short distance and then stopped the car. The driver, Gregory Greene, and the passenger, the defendant, were then placed under arrest. A subsequent search of the car revealed that two television sets and a video cassette recorder identified as J.C. Penney's merchandise were in the trunk.
Other officers responding to the silent alarm discovered a glass door of the J.C. Penney's store had been broken with a cinder block. The officers also discovered several television sets and other video equipment laying outside the store.
The defendant gave a verbal statement to officers two days after the offense to the effect that he had been riding around drinking beer with Greene. The defendant stated that they drove into the J.C. Penney's parking lot and then drove out, at which time they were arrested. The defendant denied any knowledge of the burglary.
The co-defendant, Greene, testified on defendant's behalf that he and another individual named Melvin had committed the burglary. Greene testified that the defendant was drunk, passed out, and asleep in the front seat of the car and slept through the burglary. The defendant did not testify at trial.

ASSIGNMENT OF ERROR NO. 1
By this assignment, the defendant contends that his conviction should be reversed on the basis that no rational trier of fact could find beyond a reasonable doubt that the defendant committed the offense of attempted simple burglary.
The standard of appellate review in a case involving circumstantial evidence has been set forth in State v. Wright, 445 So.2d 1198 (La.1984), as follows:
The constitutional standard for testing the sufficiency of evidence, ennunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Where circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that: "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
This court has recognized that R.S. 15:438 is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Austin, 399 So.2d 158 (La.1981). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. R.S. 15:438 provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. As we stated in State v. Chism, 436 So.2d 464 (La.1983) La.R.S. 15:438 "may not establish a stricter standard of review than the more general reasonable jurors' reasonable doubt formula, but it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence."
See also State v. Daley, 463 So.2d 826 (La.App. 2d Cir.1985).
The State presented a strong case against the defendant. Officer Whatley of the Shreveport Police Department testified that when he arrived at the Shreve City Shopping Center shortly after receiving the report of the silent alarm he observed a *828 blue Buick Regal with two persons leaving the parking lot. Officer Whatley testified that he followed the car for a short distance then stopped the car. Greene, the driver, got out of the car and identified himself. Greene was then put under arrest and another officer retrieved the defendant out of the car and placed him under arrest. Officer Whatley testified that the defendant was not sleeping and that he appeared to be alert. The officer also testified that the defendant did not appear to be intoxicated, and there was testimony by other officers to that effect.
A subsequent search of Greene's car revealed that two television sets and a video cassette recorder identified as J.C. Penney's merchandise were in the trunk. At the J.C. Penney's store, other officers found that a glass door had been broken with a cinder block. The officers also found several television sets and other video equipment laying outside the store.
Officers also testified that two days after the burglary the defendant gave a verbal statement to the effect that he had been riding around drinking beer with Greene. The defendant never mentioned a third person to the officers. The defendant stated to the officers that they had driven into and then out of the J.C. Penney's parking lot when they were stopped and then arrested.
Greene, who had pled guilty to the charge prior to the trial, testified on the defendant's behalf. Greene admitted his participation in the burglary but denied that the defendant participated with him. Greene testified that he had picked up a person named Melvin and that it was he and Melvin who had committed the burglary at the J.C. Penney's store. Greene testified that defendant was asleep during the commission of the burglary and was totally unaware of what was happening. The defendant did not testify in his own behalf.
An expert in serology testified that a drop of blood found on one of the stolen television sets did not come from the defendant. The expert testified that while he could not say that the blood definitely came from Greene, he could not rule him out. Additionally, numerous particles of glass were found in Greene's clothing.
Officer Whatley testified in the State's rebuttal that he was clearly able to see the defendant sitting up in the car when he first observed the car leaving the parking lot. Detective Lewis of the Shreveport Police Department testified on rebuttal that he had talked to Greene concerning the burglary three separate times. Detective Lewis testified that Greene had never stated that a man named Melvin participated in the burglary.
The defendant contends that the State failed to exclude every reasonable hypothesis of innocence as required by LSA-R.S. 15:438 because of the evidence introduced by the defendant; specifically, Greene's testimony that defendant was asleep during the burglary. The defendant contends that Greene's testimony at trial is corroborated by the fact that physical evidence implicated Greene in the crime and that the State offered no physical evidence implicating the defendant.
When there is conflicting testimony as to a factual matter, the question of credibility of witnesses is within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). The jury obviously chose not to believe the version of the incident related by defendant's witness Greene. A jury's choice not to believe the defendant's version should not be upset by an appellate court on the basis that the conflicting version constituted insufficient evidence. State v. Thompkins, 403 So.2d 644 (La.1981); State v. Walker, 432 So.2d 1057 (La.App. 3d Cir.1983).
When viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have rejected the defendant's hypothesis of innocence and found that the defendant was proved guilty beyond a reasonable doubt of the crime of attempted simple burglary. The testimony of Greene indicating that defendant was drunk and asleep during the burglary is contradicted by the testimony of *829 the arresting officer who indicated that the defendant appeared to be awake and alert and not intoxicated when he stopped the defendant and Greene. Both Greene and the defendant were stopped and arrested within a short time and distance from the J.C. Penney's store which had been broken into. Stolen television sets and video equipment were found in the trunk of the vehicle. In the defendant's statement to the police, he did not ever mention being drunk, passed out, or that another person was in the car with him. He did remember, however, driving in and out of the J.C. Penney's parking lot. In view of the State's evidence, a rational trier of fact could have found Greene's testimony to lack credibility. If Greene's testimony is rejected, the only reasonable inference of the evidence is that the defendant was present with Greene during the course of the burglary and was a participator therein.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant contends that the trial court erred in imposing an excessive sentence. Under LSA-R.S. 14:27 and 14:62 the maximum possible sentence the defendant could have received for his conviction of attempted simple burglary was six years at hard labor. The trial court sentenced the defendant to serve five and one half years at hard labor.
The defendant contends that it appears that the only factor considered by the court in sentencing the defendant was the defendant's prior criminal record. The defendant contends that the trial court did not consider the mitigating factors of defendant's age, health, employment record, and attitude.
Further, the defendant contends that his sentence is excessive due to the fact that he received five and one half years out of a possible six years for his conviction. In comparison, defendant's co-defendant, Greene, pled guilty to simple burglary and admitted his substantial involvement in the burglary and received only three years at hard labor. The defendant contends that the disparity between the defendant's sentence and his co-defendant's indicates the excessiveness of his sentence.
While the trial court need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record should reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Duncan, 420 So.2d 1105 (La.1982). A sentence is unconstitutionally excessive in violation of Art. 1, Sect. 20 of the Louisiana Constitution where it is grossly out of proportion to the severity of the crime or where it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence greater than one received by another defendant for the same crime does not render the sentence cruel and unusual. State v. Labure, 427 So.2d 855 (La.1983); State v. Blue, 315 So.2d 281 (La.1975). There is nothing in the law that requires that a sentencing judge treat co-defendants equally. State v. Quimby, 419 So.2d 951 (La.1982); State v. Rogers, 405 So.2d 829 (La.1981). To the contrary, in State v. Sepulvado, 367 So.2d 762 (La.1979) the Supreme Court noted:
In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intends that the judge shall exercise his sentencing discretion to impose sentences gradated according the individualized circumstances of the offense and of the offender.
In sentencing the defendant the court stated that the defendant's criminal record indicated that he had pled guilty to simple battery, aggravated assault, and resisting arrest in 1975. In 1976, the defendant was found guilty of simple burglary. In 1979, the defendant was found guilty of possession of a firearm by a felon. In view of the defendant's prior felony convictions, the trial court found that it could not give the defendant a suspended sentence. The court found that there was an undue risk that during the period of a suspended sentence *830 that the defendant would commit another crime. The court found that the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the crime. The court found that the defendant's criminal conduct threatened serious harm and that he should have contemplated that such conduct would cause or threaten serious harm. The court found that the defendant acted under no strong provocation and that there were no substantial grounds tending to excuse or justify the defendant's conduct. The court found that the defendant's character and attitude did not indicate that he would be free from future criminal activity. Therefore, the court sentenced the defendant to serve five-and-one-half years at hard labor.
The record reflects that the trial judge did adequately articulate the sentencing considerations necessary in particularizing the sentence to the defendant. Although defendant argues that the trial court did not consider mitigating factors, the defendant does not point to any factors which would mitigate in his favor. Further, the sentence is not grossly out of proportion to the severity of the crime nor is it anything more than a purposeless and needless imposition of pain and suffering, particularly considering the defendant's prior record of felonies.
The defendant has contended that his sentence is excessive due to the difference between his sentence and the sentence received by his co-defendant, Greene.
The record reflects that when Greene entered his plea of guilty, the court informed Greene that it had agreed with his attorney and the district attorney that his maximum sentencing exposure would be eight years at hard labor. The court indicated to Greene that it would ask for a presentence investigation and that the defendant would not be sentenced to more than eight years, but might be sentenced to something less.
In sentencing defendant Greene, the court found that the defendant had prior misdemeanor convictions for simple battery, shoplifting, and theft. Greene was before the court as a first felony offender. The court found that Greene had no special vocational skills and that his prior employment record was skimpy at best. The court found that the defendant's prior history of criminal activity up to this point was not of a serious nature; however, the court found that Greene's character and attitude did not indicate that he would be free from future criminal activity. For these reasons, the court sentenced Greene to serve three years at hard labor.
In view of Greene's plea bargain with the State and the difference in criminal records of Greene and the defendant in the present case, we find that the difference in the sentences imposed was justified. This assignment of error is without merit.

DECREE
Finding no merit to defendant's assignments of error, the defendant's conviction and sentence is affirmed.
AFFIRMED.