480 So.2d 926 (1985)
STATE of Louisiana, Appellee,
v.
Johnnie Lee BRIDGES, Appellant.
No. 17418-KA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Rehearing Denied January 10, 1986.
*927 James D. Sparks, Jr., Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James David Caldwell, Dist. Atty., Tallulah, George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellee.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
JASPER E. JONES, Judge.
The appellant, Jonnie Lee Bridges, was indicted for conspiracy to commit second degree murder in violation of LSA-R.S. 14:26 and malfeasance in office in violation of LSA-R.S. 14:134. Appellant entered a plea of guilty to the conspiracy charge and the malfeasance charge was dismissed. The trial judge sentenced appellant to ten years at hard labor. Appellant contends the trial judge failed to comply with the LSA-C.Cr.P. art. 894.1 guidelines in imposing sentence and that his sentence is excessive. We affirm.
After losing his elected post of sheriff for the parish of East Carroll, appellant and one of his deputies, Jackie L. Travis, solicited and conspired with a third party, Jesse James Caston, to murder the newly elected sheriff, Dale Rinnicker. The object of the conspiracy was to preserve appellant's position as sheriff for the parish of East Carroll.
Caston apparently went along with and took part in the conspiracy, but on the day set for the murder he revealed the entire plot to his employer who notified the state police. Caston agreed to cooperate with the state police in an attempt to thwart the efforts of appellant.
The details of appellant's plot entailed a deputy carrying Caston to the home of Rinnicker where Caston was to shoot the sheriff-elect and then return to an agreed upon rendezvous where he would be picked up by the deputy. Appellant agreed to supply an alibi for the deputy and Caston. Appellant instructed Caston to use a shotgun because a rifle bullet could easily be traced.
The deputy carried Caston to the Rinnicker residence and Caston went into the yard and fired a shotgun into the air. Caston then went to the agreed upon rendezvous where the deputy picked him up. As they sped away from the scene, they were stopped by the state police.
Appellant pled guilty to conspiracy to commit second degree murder and was sentenced to ten years at hard labor.
The presentence investigation report compiled at the direction of the trial judge indicates this offense to be appellant's first. Appellant served in the army for two years and received an honorable discharge in 1954. He has worked in law enforcement since 1964. Appellant is married, has two sons and is an active member of the Corbin Ferry Baptist Church. He has been working part-time as a farm laborer since his arrest and conviction.
Appellant contends the trial judge erred in imposing an excessive sentence and in failing to comply with the sentencing *928 guidelines set forth in LSA-C.Cr.P. art. 894.1. Specifically appellant argues the guidelines under LSA-C.Cr.P. art. 894.1 provide a basis for the imposition of a probated and/or lesser sentence in light of his age and the fact that a co-defendant received a sentence of five years.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den., 439 So.2d 1074 (1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Square, 433 So.2d 104 (La. 1983).
A sentence is excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ den., 438 So.2d 1112 (1983).
The sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ den., 435 So.2d 438 (1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C. Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the appellant. State v. Hammonds, supra; State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La.1983).
In the instant case, the record reflects the trial judge's compliance with the sentencing guidelines under LSA-C.Cr.P. art. 894.1 was adequate. The trial judge felt appellant would not commit another crime of a similar nature if probation was imposed. The trial judge then articulated some of the aggravating and mitigating circumstances outlined in LSA-C.Cr.P. art. 894.1. He noted the appellant's conduct threatened serious bodily harm and appellant was a law enforcement official who attempted to use his office to cover up the crime. These circumstances enhance the seriousness of the crime. The trial judge stated a lesser sentence than he was imposing would deprecate the seriousness of the crime. The trial judge, while not articulating every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. art. 894.1, did state for the record that he took these circumstances into account in particularizing the sentence to the appellant.
Appellant contends his sentence is excessive in light of his age and the fact that a co-defendant received a sentence of five years. The sentencing judge is not required to treat co-defendants equally. St. v. Rogers, 405 So.2d 829 (La.1981); St. v. McLeland, 456 So.2d 633 (La.App. 2d Cir.1984). The disparity of sentences between co-defendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, 419 So.2d 951 (La.1982).
After Jackie L. Travis, appellant's co-conspirator, had been found guilty by jury trial, he agreed to testify at appellant's trial in exchange for a recommendation from the district attorney that Travis be given a five year sentence. Pursuant to this recommendation of the district attorney the trial judge imposed upon Travis a five year sentence. The trial judge in a per curiam filed in this court stated that but for this agreement he would have given Travis and appellant identical sentences. Appellant's sentence is only one-third of the maximum for conspiracy to commit second degree murder. The sentence is not out of proportion to the severity of the offense nor is it a purposless imposition of pain and suffering. The sentence is not excessive.
The sentence appealed is affirmed.