516 So.2d 1273 (1987)
STATE of Louisiana, Appellee,
v.
Jerry Lewis WALKER, Appellant.
No. 19177-KA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
Rehearing Denied January 14, 1988.
Richard E. Hiller, Indigent Defender, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Tommy J. Johnson, Asst. Dist. Atty., Shreveport, for appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
PER CURIAM.
Defendant, Jerry Lewis Walker, age 33, was charged by bill of information with possession of cocaine, a Schedule II, controlled dangerous substance in violation of LSA-R.S. 40:967(C) and possession of marijuana in violation of LSA-R.S. 40:966. Pursuant to plea negotiations with the state defendant pled guilty to possession of cocaine in exchange for which the state dropped the charge of possession of marijuana. Defendant received the maximum imprisonment term of 5 years at hard labor with credit for time served. He appeals claiming that the trial court imposed an excessive sentence in violation of LSA-La. Const. Art. 1, § 20 (1974). Finding no merit to defendant's contentions, we affirm.
On July 16, 1986 an agent of the Shreveport Police Narcotics Division received information from a reliable crime stopper informant that Jerry Walker and Robert Earl Gage were in possession of a large quantity of "Crack" cocaine and powdered cocaine at the Wok restaurant partly owned by Walker and located at 2423 Laurel Street, Shreveport, Louisiana. The agent obtained a search warrant for the restaurant where marijuana was seized. During the investigation the agent learned of an apartment occupied by defendant which adjoined the restaurant and secured defendant's consent to search it. While conducting the search the agent recovered: an envelope containing 13 paper wrappers containing cocaine, each with a number of 10, 25 or 50 handwritten on them; a small plastic bag of cocaine with a total weight of 3.5 grams; a small set of scales with cocaine residue; and other personal effects of Robert E. Gage. Defendant was arrested.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The imposition of a sentence even though within the statutory limits may violate a *1274 defendant's constitutional rights against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is constitutionally excessive in violation of LSA-La.Const. Art. 1, § 20 (1974) if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
The sentencing guidelines of LSA-C.Cr. P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, supra; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, 450 So.2d 634 (La.1984).
The trial court closely followed LSA-C. Cr.P. Art. 894.1 in explaining his decision to impose the maximum sentence in this case. The court considered the following: In March of 1974 defendant pled guilty to possession of marijuana, was given a suspended sentence and placed on supervised probation. On December 5, 1977 defendant was sentenced to 6 years at hard labor for possession of marijuana with the intent to distribute and again placed on supervised probation. On April 2, 1981 defendant was arrested in California on a probation warrant and a warrant from Texas for a material witness in a murder case. In May of 1981 defendant's probation was terminated unsatisfactorily. In July of 1981 he was given a first offender's pardon and restoration of citizenship. Defendant was married twice with the first marriage ending in divorce. He has one child from the first marriage whom he does not support. Defendant is physically separated from his second wife and she supports herself in California. Defendant operated the Wok restaurant from 1981 through 1986 at the time of his arrest.
The court gave consideration to statements by defense counsel that the arresting officers did not believe defendant was the more culpable of the two persons involved in the investigation.
The court determined that defendant's criminal conduct caused no direct harm and there was no victim to whom compensation was due. The court felt that defendant's criminal conduct was a result of circumstances likely to reoccur. The court stated that defendant's character and attitude indicated that he was likely to commit further crimes relating to possession and distribution of drugs. The court further noted that a lesser sentence would deprecate the seriousness of defendant's crime and felt that defendant was in need of correctional treatment that could be provided most effectively by commitment to an institution. As a second felony offender, defendant was not eligible for probation.
After considering all the factors relied upon by the trial court we cannot say that the court abused its discretion. Cocaine has caused very serious harm to our community. Defendant received benefit through his plea bargain with the state. Although maximum sentences are usually imposed only for the worse offenses and offenders, the sentencing judge has discretion to impose a maximum sentence where a significant reduction in sentencing exposure has been obtained through plea bargaining. State v. Helsley, 457 So.2d 707 (La.App. 2d Cir.1984). The maximum sentence of five years is not a needless and purposeless imposition of pain and suffering so as to shock the sense of justice. Accordingly, defendant's sentence is affirmed.
Affirmed.

ON APPLICATION FOR REHEARING
Before LINDSAY, HALL, MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
Rehearing denied.