KING, Judge.
The issue presented by this appeal is whether or not the sentence imposed on the defendant for attempted simple burglary was excessive.
On July 9, 1986, Michael Mallett (hereinafter defendant) was indicted, along with several other defendants, for simple bur *401 glary of a chemical warehouse belonging to Farm Supply Company, Inc., in violation of LSA-R.S. 14:62. After a trial on the merits, the jury found the defendant guilty of the lesser included offense of attempted simple burglary. On April 4, 1987, the court sentenced defendant to the custody of the Louisiana Department of Corrections to serve four years at hard labor. Defendant appeals his sentence alleging that the sentence is excessive. We affirm the defendant’s conviction and sentence.
FACTS
On April 15, 1986, defendant and five others illegally entered a warehouse owned by the Farm Supply Company, Inc. near Roanoke in Jefferson Davis Parish, Louisiana with the sole intent of stealing seed, fertilizer, and other chemicals stored there. Defendant’s father, Wilfred James “Jimmy” Mallett, was the mastermind behind the burglary, which was elaborately planned and intricate in its execution. Initial entry was accomplished when one of the codefendants, Karl Baronet, unscrewed and removed a wall panel on the south side of the warehouse. Once inside, he opened a large sliding door to allow the others to enter. Thereafter, three rented trucks were driven into the building, where they were loaded with chemicals through the use of a forklift operated by the defendant. After the trucks were loaded, the building was closed and the principals rented rooms for the night in different motels. The following night, the stolen chemicals were transferred into two eighteen wheelers. According to a voluntary statement given to the police by Karl Baronet, the trucks were then driven by the defendant and his father to a location in Texas unknown to the others.
On July 9, 1986, the defendant, Wilfred James Mallett, Harold Keith Ramuar, Karl J. Baronet, Davy Lee Thacker, and Paul LaFleur were indicted for the offense of simple burglary. LSA-R.S. 14:62. Pursuant to a plea bargain, Harold Keith Ram-uar and Karl Baronet pleaded guilty to the charge and agreed to testify for the prosecution against the other defendants and, on May 11, 1987, each received a sentence of three years imprisonment.
On March 10, 1987, the State proceeded to trial against the defendant and his father. The State elected to sever from the case the remaining two defendants, Davy Lee Thacker and Paul LaFleur. On March 13, 1987, the jury returned a verdict of guilty as charged against Wilfred Mallett and, on May 18, 1987, he was sentenced to a term of imprisonment for the remainder of his natural life under the habitual offender law. LSA-R.S. 15:529.1. The court deferred defendant’s sentencing and ordered a pre-sentence investigation report. After reviewing the report and holding a sentencing hearing, the trial judge imposed a sentence on the defendant of four years at hard labor.
EXCESSIVENESS OF SENTENCE
By this assignment of error, defendant contends that the sentence imposed by the trial judge is unconstitutionally excessive and results in cruel and unusual punishment in violation of La. Const. Art. I § 20. Defendant argues that his four year sentence for a conviction of attempted simple burglary is grossly excessive in light of the fact that four codefendants who pleaded guilty to the completed crime of simple burglary each received a three year sentence. Defendant asserts that the jury sought to mandate a lesser penalty by finding him guilty of attempt because the jury was aware two of the codefendants who testified had pleaded guilty to simple burglary and received three year sentences. Defendant suggests that the trial judge improperly disregarded the predeliction of the jury.
Attempted simple burglary carries a maximum sentence of six years, with or without hard labor, and a $1,000.00 fine. LSA-R.S. 14:27 and 14:62. The four year sentence imposed on the defendant is therefore within the statutory limits of a permissible sentence. However, even a sentence which falls within statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
*402 The criteria for consideration in determining whether a sentence is excessive is found in La.Cr.Cr.P. Art. 894.1. This statute mandates that the trial court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, supra. The sentencing judge need not articulate every mitigating and aggravating circumstance; however, the record should reflect that the sentencing judge considered the guidelines in particularizing the sentence. State v. Sepulvado, supra; State v. Aucoin, 500 So.2d 921 (La.App. 3 Cir.1987). A sentence is excessive if the penalty is so disproportionate to the crime as to shock our sense of justice or if it operates to do nothing more than needlessly impose pain and suffering. State v. Cann, 471 So.2d 701 (La.1985); State v. Palmer, 447 So.2d 1159 (La.App. 3 Cir. 1984). The trial court is given wide discretion in imposing sentence and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982); State v. Palmer, supra.
There is no requirement that code-fendants receive equal sentences and a sentence greater than one received by another defendant for the same criminal conduct does not render the sentence unconstitutional. State v. Raby, 487 So.2d 1286 (La. App. 3 Cir.1986), writ denied, 493 So.2d 634 (La.1986); State v. Cook, 465 So.2d 825 (La.App. 2 Cir.1985), writ denied, 467 So.2d 532 (La.1985).
At sentencing the trial judge clearly articulated his findings pursuant to La.C. Cr.P. Art. 894.1(A) in determining that a sentence of imprisonment should be imposed. The trial judge concluded, if granted probation, there would be an undue risk that defendant would commit other crimes and not respond favorably to probationary treatment. The judge felt defendant was in need of correctional treatment which could be best provided in a custodial environment and concluded that a lesser penalty would deprecate the severity of defendant’s actions. In reaching these conclusions, the trial judge focused on several aggravating and mitigating factors. In mitigation, the trial judge took into consideration that defendant was 23 years old, that this crime was his first felony conviction, and his incarceration would result in hardship on his family.
The trial judge felt these mitigating factors were outweighed by the aggravating circumstances in the present case. The trial judge emphasized the nature of the crime as well as other pending felony charges against defendant. He also noted that defendant has an extensive juvenile record which includes offenses of theft and burglary. The trial judge could find no grounds tending to excuse defendant’s conduct and stated that defendant demonstrated a lack of remorse for his conduct. The trial judge focused on the magnitude of the loss suffered by the victim and the fact that restitution was unlikely.
Defendant alleges on appeal that the trial court found a lack of remorse because he elected to go to trial while the other four codefendants chose to enter pleas of guilty. Defendant contends he is being penalized for exercising his constitutional right to have a trial. We disagree.
After a careful review of the record we have found no evidence to support this allegation. Although the trial judge did not specifically state reasons for this finding, his comment apparently refers to the statement in the pre-sentence investigation report that defendant had knowledge of where the stolen chemicals valued at $143,-000.00 were taken but has not cooperated with authorities in recovering the property.
The record reflects a thorough and adequate articulation of the sentencing considerations employed by the sentencing judge in particularizing the sentence to defendant. Although defendant’s brief mentions several factors in mitigation of the criminal actions, these same factors were urged pri- or to sentencing. The conclusion by the trial judge that all aggravating circumstances outweigh those factors in mitigation is not in error. The sentence imposed was individualized to defendant and is not *403 so disproportionate to the severity of the crime as to shock our sense of justice.
The sentence in this case was particularized to the unique factors and circumstances of defendant. Each of the four code-fendants who pleaded guilty received sentences of three years at hard labor. Two of those were sentenced pursuant to a plea bargain, gave statements to the authorities leading to the prosecution of others, and testified at trial. The fact that those defendants were taking responsibility for their actions could suggest that they were more likely to be rehabilitated in a less lengthy period of time. The plea bargain was necessary to effectively prosecute others involved in the crime and is a legitimate factor to consider in sentencing. State v. Cook, supra. To require the trial judge to impose an equal or less severe sentence on defendant is contrary to the idea of sentences particularized to the offender and would discourage the effective use of plea bargaining.
The suggestion that the responsive verdict in this case mandates a less severe sentence for defendant is likewise without merit in that it misstates the roles of the jury and judge. The jury’s role is to render a verdict according to the law and the evidence. La.C.Cr.P. Art. 790. The jury determines guilty or innocence and, upon a verdict of guilt, the sentence is imposed by the court. La.C.Cr.P. Art. 871. Although the sentencing judge is not required to consider the jury determination in imposing sentence, the record reflects that the judge acknowledged the compassion shown by the jury in returning the responsive verdict in his reasons for sentence.
The assignment of error has no merit.
Accordingly, the defendant’s sentence is affirmed.
AFFIRMED.