PER CURIAM.
Defendant, Kenneth D. Davis, was charged by bill of information with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. Pursuant to plea negotiations with the state defendant pled guilty to theft of items valued over $100 but less than $600 in violation of LSA-R.S. 14:67. Defendant was sentenced to 18 months imprisonment at hard labor consecutive with any sentence presently being served. Defendant appealed contending that his sentence is excessive in violation of La. Const. Art. 1, § 20 (1974) when viewed in light of the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. Finding his contention meritless, we affirm.
On September 18, 1987, defendant and two co-defendants went to the home of Karrie Simon to purchase a package of cigarettes. After purchasing the cigarettes the three walked around the Simon residence and noticed several packages of cigarettes through the window. While defendant acted as a lookout his accomplices reached through the window and grabbed approximately 65 packages of cigarettes. They took the cigarettes to the defendant’s sister’s home where they were later arrested.
The trial court has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980) A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the LSA-C.Cr.P. Art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982).
The court found that defendant had a history and compulsion for burglaries. The court recognized defendant as a second felony offender since he previously pled guilty to middle grade theft. Defendant’s prior conviction of theft resulted from a plea bargain in which a simple burglary charge was reduced to theft. An accessory after the fact of simple burglary charge was also dismissed. The court found defendant to be in need of correctional treat *780 ment. The court felt that in light of the favorable plea bargain a lesser sentence than the one imposed would deprecate the seriousness of the offense committed.
The trial court adequately complied with article 894.1.
Defendant also contends that his sentence is excessive since his co-defendant was sentenced to only 6 months without hard labor and defendant only served as a lookout while his co-defendant actually committed the burglary.
A sentence greater than one received by another defendant for the same crime does not render the sentence cruel and unusual. There is nothing in the law that requires the sentencing judge to treat co-defendants equally. The disparity of sentences between co-defendants is only a factor to be considered along with all other appropriate considerations in evaluating the contention that a sentence is excessive. State v. Bridges, 480 So.2d 926 (La.App. 2d Cir.1985) writ denied 486 So.2d 732 (La.1986). We consider the sentence of defendant’s co-defendant as only one factor in determining the excessiveness of defendant’s sentence. The record does not reveal any evidence concerning the co-defendant’s criminal background and history.
Defendant further argues that his sentence should have been concurrent with any previously imposed sentence instead of consecutive.
The trial court merely clarified what the law provides under LSA-C.Cr.P. Art. 883. Defendant’s present and past convictions are for crimes not arising from a single course of conduct, and ordinarily, unless the trial court states otherwise, the sentence imposed would be served consecutive with a previously imposed sentence.
The trial court did not err in sentencing defendant. The defendant limited his exposure to a maximum sentence of two years at hard labor by agreeing to plead guilty to middle grade theft. Defendant was originally exposed to a sentence of not less than one year at hard labor without benefit of parole, probation, or suspension of sentence nor more than twelve years for simple burglary of an inhabited dwelling.
Considering the reasons articulated by the trial court for the sentence imposed and the leniency provided through the plea bargain process, we do not consider the defendant’s sentence so disproportionate as to shock the sense of justice.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.