PER CURIAM.
Following his arrest for several drug related offenses, defendant pled guilty to conspiracy to manufacture methamphet-amines and, pursuant to a plea agreement, all remaining charges were to be dismissed. He was sentenced to four years at hard labor. On appeal his sole assignment of error is that his sentence is constitutionally excessive, especially in light of the sen *330 tences imposed upon two codefendants who negotiated plea agreements identical to his.
Finding no merit in the contentions made by defendant, we affirm.
FACTS
In December 1987, after receiving information from out-of-state law enforcement authorities and a confidential informant, the Caddo Parish Sheriff's Office initiated an investigation of a suspected drug manufacturing operation believed to be located in a private residence near Vivian, Louisiana. Following a controlled buy, in which authorities were assisted by the confidential informant, several individuals were arrested and charged with a variety of offenses.
Defendant and his two codefendants, William David Johnson and Jeffrey Dean Martin, were arrested after a search warrant was executed at the residence of Johnson. An illegal drug manufacturing apparatus and approximately two pounds of methamphetamines were discovered there. All three defendants were charged with possession of methamphetamines with intent to distribute and also manufacturing methamphetamines, violations in both instances of LSA-R.S. 40:967. They all entered pleas of guilty pursuant to the previously mentioned agreements.
On July 1, 1988, William David Johnson, who was age 28 and had no prior felony conviction, was sentenced to three years at hard labor, with the judge recommending the defendant for intensive incarceration pursuant to LSA-R.S. 15:574.5. The judge expressly noted that the factors warranting incarceration outweighed any considerations favoring probation.
On July 8,1988, defendant’s nephew, Jeffrey Dean Martin, who was 25 years of age and likewise had no prior felony conviction, was sentenced. A misdemeanor charge in Texas, which had been dismissed, was noted, as well as Martin’s educational, employment and family background. The court deemed his culpability to be less than that of the two codefendants, and opined that, while some period of incarceration was required, an extended term was not in order. Execution of a three year sentence at hard labor was suspended, and among the conditions of probation was a requirement to serve sixty days in jail with credit for time served.
On July 27,1988, defendant appeared for sentencing. After thoroughly reviewing both the circumstances underlying the original charges and the defendant’s background, the trial court sentenced the defendant to four years at hard labor. The judge observed that the defendant was not eligible for the intensive incarceration program because of his second felony offender status, in addition to other reasons. Although also concluding under LSA-C.Cr.P. Art. 893(B) the defendant was ineligible for probation, the court stated that in any event probationary treatment was not warranted.
EXCESSIVE SENTENCE
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court applied the guidelines set forth in LSA-C.Cr.P. Art. 894.1. However, compliance with that article has been acknowledged here by defendant. Indeed, the record reveals adequate consideration of the guidelines. The first prong of the test, therefore, is not an issue in this case.
Under the second prong of our analysis, we must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or amounts to nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). It is well-settled that the sentencing judge is given wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Walker, 516 So.2d 1273 (La.App. 2d Cir.1987).
*331 At the sentencing hearing the trial court noted that the defendant was 50 years old. Also, despite defendant’s protestations of ignorance, the court felt he must have been aware of the criminal activity that was occurring. Further, it was noted that the defendant is divorced and that his two children are grown, the implication being that he is not the means of support for anyone. While aware defendant had medical problems that probably would require future attention, the court felt that those maladies could be treated despite incarceration. In addition, it was correctly observed that the charge to which defendant entered a plea of guilty was a very serious offense.
Defendant is a second felony offender, a status acquired because of his 1980 conviction for cattle theft in Texas. For that offense he was placed on probation following suspension of a sentence of five years at hard labor. In addition to the prior Texas felony, defendant was convicted of DWI in Louisiana in 1984 and sentenced to four months in jail. That sentence likewise was suspended and one year of supervised probation ensued. Finally, the trial court concluded that any sentence less than that imposed would tend to deprecate the seriousness of the present offense.
With this one plea, defendant disposed of all other potential drug related charges arising from the incident. The penalty provided for possession of methamphetamines with intent to distribute is up to ten years at hard labor plus a $15,000 fine. The offense of manufacturing methamphet-amines carries the same penalty. From those two charges alone, before the plea bargain, defendant faced possible imprisonment for 20 years. Thus, through the plea agreement and sentence, his actual incarceration was reduced to one-fifth of the maximum to which he was exposed. Defendant’s sentence, then, is not unduly harsh.
Defendant makes much of the fact that the sentences imposed upon his codefendants were less severe than the one imposed upon him. A sentence greater than one received by another defendant for the same crime does not render the sentence cruel and unusual. State v. Cook, 465 So.2d 825 (La.App. 2d Cir.1985), writ denied, 467 So.2d 532 (La.1985); State v. Elliott, 467 So.2d 1144 (La.App. 2d Cir.1985). The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations. State v. Quimby, 419 So. 2d 951 (La.1982); State v. McLeland, 456 So.2d 633 (La.App. 2d Cir.1984), writ denied, 461 So.2d 312 (La.1984); State v. Bridges, 480 So.2d 926 (La.App. 2d Cir.1985), writ denied, 486 So.2d 732 (La.1986). Disparity of sentences, even between code-fendants involved in the same crime, does not render a sentence disproportionate if the nature of the defendant’s participation or his character or propensities differ significantly from those of his confederates. State v. Bonanno, supra; State v. Telsee, 425 So.2d 1251 (La.1983). In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intended that the judge should exercise his sentencing discretion to impose sentences gradated according to individualized circumstances of the offense and the offender. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Cook, supra; State v. Elliott, supra.
The reasons for dissimilarity among the sentences imposed are apparent from the record, which contains transcripts of the sentencings of the two codefendants. Neither the involvement of his fellow conspirators in the drug manufacturing scheme nor their backgrounds were the same as the defendant.
It has been contended by defendant that his guilt stemmed solely from his mere presence at the scene of the criminal activity. That claim obviously was not accepted by the sentencing judge. In fact, the pre-sentence investigation, as well as the judge’s recollection of evidence presented at the preliminary examination, indicates that defendant was the “money man” of the entire scheme. Furthermore, when law enforcement officials made the arrests, defendant was found in the bathroom where the actual drug manufacturing apparatus *332 was located. Surely he was an informed participant in the scheme rather than a mere bystander.
We have no trouble in distinguishing the personal histories and criminal propensities of the three individuals, as well as the varying levels of their individual involvement in the drug manufacturing operation.
CONCLUSION
The Court below properly considered the guidelines under LSA-C.Cr.P. Art. 894.1 in sentencing the defendant. Additionally, neither the sentence imposed upon the defendant nor the divergence between his sentence and that of his codefendants is inappropriate. Defendant’s sentence was within the sentencing parameters, and no abuse of the trial court’s discretion is indicated. Finding no merit to the arguments of defendant, we affirm his sentence.
AFFIRMED.