STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1080

STATE OF LOUISIANA

VERSUS

HOWARD S. MOORE
a/k/a HOWARD SU MOORE
a/k/a PACO

**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, DOCKET NO. 79483
HONORABLE JOHN C. FORD, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Judges Sylvia R. Cooks, Marc T. Amy and Phyllis M. Keaty.

**Affirmed.**

Paula C. Marx
Louisiana Appellate Project
P.O. Box 80006
Lafayette, LA  70598-0006
(337) 991-9757
**Attorney For Defendant/Appellant, Howard S. Moore**

Asa A. Skinner
District Attorney
Terry W. Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, Louisiana 71446
**Attorneys For Plaintiff/Appellee, State of Louisiana**

**Cooks, Judge.**

## PROCEDURAL HISTORY

Howard S. Moore (Defendant), was charged with armed robbery, a violation of La.R.S. 14:64, or in the alternative, first degree robbery, a violation of La.R.S. 14:64.1; and with extortion as a principal, violations of La.R.S. 14:24 and 14:66. He pled no contest to the extortion charge on February 11, 2011. The State agreed to dismiss the robbery charges and not to charge Defendant as a habitual offender. The trial court ordered a pre-sentencing investigation. On April 20, 2011, Defendant was sentenced to five years with the Department of Corrections.

Defendant appeals his sentence, arguing it is excessive. He also maintains the trial court did not properly articulate reasons to justify the sentence or adequately consider mitigating factors. For the reasons stated below, we affirm the sentence.

## FACTS

Sidney Ortez (Ortez) suffered embarrassment and humiliation during a date with Patrick Smith (Smith) when he struck her causing her to urinate on herself. The next day, Ortez invited Smith to her apartment. She also invited Defendant to exact revenge on Smith and extort money from him in return for what happened on their date. Defendant arrived carrying a BB gun that convincingly appeared to Smith to be a 9mm semi-automatic handgun. Defendant menaced Smith with the handgun, placing it against his head and threatening to shoot him. Defendant also struck Smith twice in the face with his fist while "talking to him about why he had behaved so badly the night before on this date with Miss Ortez." As a result of the serious blows to Smith's face he urinated on himself. Defendant asked for additional instruction from Ortez as to what more she wanted done to Smith.

Ortez then decided that taking money from Smith would further satisfy her revenge. Smith had only twenty dollars in cash on his person at that time and handed it over to Defendant. Ortez threatened to file criminal charges against Smith unless he returned the next day with $350, allegedly to pay her rent. The State's factual recitation at the plea hearing alleged Defendant was "the element of fear . . . that was present throughout all of this," and "his actions qualified his actions as a principal to the commission of the extortion that occurred and the threat that was given to Patrick Smith to pay this money the following day. Mr. Smith's statement said, in effect, that he agreed to do whatever he had to do to get out of there alive fearing for his life."

## LAW AND DISCUSSION

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record we find no errors patent.

## ASSIGNMENTS OF ERROR NOS. 1 AND 2:

Defendant argues the trial court imposed an excessive sentence without articulating sufficient reasons and without adequately considering mitigating factors. This court has set out a standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The

2

relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In deciding whether a sentence shocks one's sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

The trial judge stated he considered "the sentencing guidelines in Article 894.1, the pre-sentence report and its contents, [and] the fact that this is this defendant's third felony offense." Defendant requested no further explanation of the trial judge's consideration of the La.Code Crim. P. art. 894.1 factors. The trial court noted that Defendant's prior felony convictions included attempted

3

manslaughter, a violent act, and introducing contraband into a correctional facility, a non-violent act.

In *State v. Parent*, 02-835 (La.App. 5 Cir. 12/30/02), 836 So.2d 494, *writ denied,* 03-491 (La. 10/31/03), 857 So.2d 472, the defendant was sentenced to fifteen years at hard labor for extortion, along with sentences totaling forty-three additional years for additional convictions, with all the sentences to run consecutively. In that case the defendant threatened to break his victim's legs and harm her family members if she did not give him the money he demanded. She believed the threats because of the defendant's prior violent behavior.

In the present case, Defendant asserts that his sentence is excessive in comparison to Ortez's sentence asserting that he was only trying to help Ortez. Ortez received a probated sentence.

> A sentence greater than one received by another defendant for the same crime does not render the sentence cruel and unusual. The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations. Disparity of sentences, even between codefendants involved in the same crime, does not render a sentence disproportionate if the nature of the defendant's participation or his character or propensities differ significantly from those of his confederates. In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intended that the judge should exercise his sentencing discretion to impose sentences gradated according to individualized circumstances of the offense and the offender.

*State v. Burton*, 541 So.2d 329, 331 (La.App. 2 Cir. 1989) (citations omitted).

Defendant played a direct, active role in inflicting physical injury on Smith and threatened to shoot Smith as punishment for his behavior the night before with Ortez. Defendant intimidated Smith and placed him in fear of his life in order to extort money from him for Ortez's benefit.

Defendant was exposed to a potential sentence of one to fifteen years at hard labor. La.R.S. 14:66. His sentence of five years falls in the lower range of

sentencing. Defendant received a substantial benefit from his plea bargain. Had he been found guilty of armed robbery, the charge dropped because of his plea, he would have been exposed to a possible sentence of ten to ninety-nine years. La.R.S. 14:64. The possible sentence for a conviction of the alternative charge of first degree robbery was three to forty years. La.R.S. 14:64.1. These potential sentences could have been imposed in addition to a potentially longer sentence for extortion. Further, the State agreed not to pursue a habitual offender charge, which carried a potential sentence of ten to thirty years. La.R.S. 15:529.1.

We find the trial court did not abuse its discretion in sentencing Defendant to five years. Defendant's sentence is affirmed.

**AFFIRMED**.