HALL, Judge
The defendant, Gregory Lawson, was convicted after trial by the judge alone of introducing contraband into a penal institution in violation of LSA-R.S. 14:402.[1] The *491 court imposed a sentence of three years imprisonment at hard labor. The defendant appealed, assigning as error (1) the failure to grant the motion for acquittal;[2] (2) the lack of evidence as to introduction of the marijuana into a penal institution; and (3) the excessive and overly severe sentence.
The first and second assignments of error relate to the sufficiency of the evidence presented by the state and are elearly without merit.
The testimony of the deputy sheriffs established that while they were waiting in the basement of the Ouachita Parish Courthouse for an elevator to take a manacled prisoner back to the Ouachita Parish Jail, the defendant approached them and, after some conversation about his brother who was an inmate of the jail, slapped hands with the prisoner. One of the deputies saw something white in the defendant’s hand before he made contact with the prisoner. During the ride on the elevator to the jail the prisoner lifted his hand to his pocket. When they entered the jail the prisoner was frisked and a marijuana cigarette was found in his pocket, inside an address book. Earlier, before leaving the jail, the prisoner’s pocket and address book had been examined and there was no marijuana cigarette present. The deputies had been with the prisoner continuously while they were away from the jail and there was no other opportunity for the prisoner to have obtained the contraband. After finding the marijuana cigarette on the prisoner, they brought the defendant to the jail and questioned him. The defendant first denied any knowledge of the cigarette, then admitted orally that he had passed it to the prisoner.
Counsel for defendant argues that there was no evidence introduced to show where the jail was located and no evidence to show that the defendant knew where the prisoner was going.
The evidence establishes that the Ouachita Parish Jail is located on one of the upper floors of the Ouachita Parish Courthouse, a fact also clearly within the common knowledge of all persons concerned in the trial. The only reasonable inference to be made from the presence of the manacled prisoner, dressed in a jail jumpsuit, in the basement of the courthouse waiting for the elevator, was that the prisoner was being taken to the jail. The evidence presented by the prosecution was sufficient to establish beyond a reasonable doubt that the defendant introduced into the premises of a parish jail a controlled dangerous substance as defined in LSA-R.S. 40:961 et seq., by handing a marijuana cigarette to an inmate of the jail, in the building which housed the jail, under circumstances where it was apparent that the inmate was on his way to the jail. These assignments of error are without merit.
Counsel for defendant argues that the sentence was overly severe and punitive for what is, at most, a minor infraction of the law without threat to life or property or any other danger resulting from the conduct of the defendant.
*492 The penalty for violation of LSA-R.S. 14:402 is imprisonment with or without hard labor for not more than five years. At the sentencing hearing the trial judge noted that the defendant was previously convicted of attempted simple burglary and middle-grade theft, for which he was placed on probation. After a violation of probation by the defendant, his probation was revoked and he was serving his sentence at the time the present offense occurred. He was in the basement of the courthouse on a work detail.
The trial court noted that the defendant was not eligible for suspension of sentence or probation due to his prior felony convictions. The judge concluded that the defendant’s conduct could be more effectively modified upon his incarceration with the Louisiana Department of Corrections. The trial judge adequately complied with LSA-C.Cr.P. Art. 894.1 in sentencing the defendant. The sentence was particularized as to the offense, which is a serious one, and the offender, and is not constitutionally excessive.
The defendant’s conviction and sentence are affirmed.
Affirmed.

. LSA-R.S. 14:402 C:
“It shall be unlawful to possess or to introduce or attempt to introduce into or upon the premises of any municipal or parish prison or jail or to take or attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purpose of this Section, to wit: any currency or *491 coin which is legal tender; any stolen property; any article of food or clothing; any intoxicating beverage or beverages which causes or may cause any intoxicating effects; any narcotic or hypnotic or excitive drug or any drugs of whatever kind or nature, including nasal inhalators of any variety, sleeping pills or barbiturates of any variety that create or may create a hypnotic effect if taken internally, or any other controlled dangerous substance as defined in R.S. 40:961, et seq.; and any firearm or any instrumentality customarily used as a dangerous weapon, including explosives or combustibles, except through regular channels as authorized by the officer in charge of any institution herein, or any plans for the making or manufacturing of such weapons or devices; however, the definition of contraband is not restricted to those articles set forth hereinabove. Whoever violates any provision of this Subsection shall be imprisoned with or without hard labor for not more than five years.”

. LSA-C.Cr.P. Art. 778:
“In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state’s evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.
“If the court denies a defendant’s motion for a judgment of acquittal at the close of the state’s case, the defendant may offer its evidence in defense.”