458 So.2d 525 (1984)
STATE of Louisiana
v.
George GIBSON.
No. KA-1575.
Court of Appeal of Louisiana, Fourth Circuit.
September 28, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Calvin Johnson, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a jury decision finding defendant George Gibson guilty of bringing contraband into Parish Prison, a violation of La.R.S. 14:402.
Defendant was charged with taking marijuana, a controlled dangerous substance *526 [La.R.S. 40:964], into Orleans Parish Prison, a violation of La.R.S. 14:402. A six person jury found him guilty as charged, and he was sentenced to serve one year in Parish Prison.
During a routine security check at the House of Detention for Orleans Parish Prison, Lt. Lacour and Officer Harrison from the Orleans Parish Criminal Sheriff's Office were approached by an inmate who informed them that defendant would be taking marijuana into the prison later that evening. The inmate told them that defendant had done so in the past. Later that evening, Harrison and Lacour detained the defendant, advising him that he was under investigation and informed him of his Miranda rights. The officers then took defendant to their office, during which time defendant had to be warned to keep his hands out of his pockets. Upon reaching the office, defendant was ordered to empty his pockets, but did not empty his right front pant's pocket, into which he had been trying to put his hand during the walk to the office. One of the police officers patted the pocket, reached in and found two marijuana cigarettes.
On appeal, defendant assigns as error the failure of the trial court to grant a mistrial based upon statements made by Lt. Lacour during his direct testimony.
At trial, the following exchange took place during direct examination of Lacour:
"Q. If you would, Lieutenant, I would like you to relate to these ladies and gentlemen of the jury the facts and the circumstances which led up to the arrest of Mr. Gibson.
A. Upon interviewing the tier rep, we received information from him that the subjecthe was a Deputy at the timeDeputy George Gibson had in the past brought him marijuana and other type contraband."
Tr. at 8-9.
The defense moved for a mistrial at this time. The motion for mistrial was denied, but the trial court offered to admonish the jury to disregard the remarks. Counsel for defense refused the offer of a jury admonishment.
Article 770 of Louisiana Code of Criminal Procedure states in pertinent part:
"Upon motion of defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during a trial or in argument, refers directly or indirectly to: ... (2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
. . . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial."
The defendant contends that the remark made by witness Lacour requires a mistrial because Lacour should be considered as an officer of the court. The Louisiana Supreme Court, however, has held that police officers are not officers of the court and any statements made by police officers do not require the automatic mistrial mandated by Article 770. E.g., State v. Harper, 430 So.2d 627 (La.1983).
Defendant has referred to several cases from the Louisiana Supreme Court which defendant asserts that we should rely upon in finding that Lacour was acting as an officer of the court. State v. Schwartz, 354 So.2d 1332 (La.1978); see also State v. Turner, 392 So.2d 436 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980). We find that these cases are not supportive of defendant's position. These cases in which the Court expresses concern about potential abuses of the failure to consider a police officer as a court official all involve much more egregious conduct on the part of witnesses. Unlike these cases, there is nothing in the record to show that Lacour gave unresponsive answers that were prejudicial, or that there was an attempt to illicit this specific testimony from him by the prosecution.
Louisiana Code of Criminal Procedure Article 771 states in part:

*527 "In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury; ... (2) When the remark or comment is made by a witness or a person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
Based upon a review of the record, it is clear that there was not an abuse of the trial court's discretion in its refusal to order a mistrial in this case, and that the offer to admonish the jury to disregard the remark was sufficient to protect the defendant's rights.
For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.
AFFIRMED.