467 So.2d 1144 (1985)
STATE of Louisiana, Appellee,
v.
Randy Floyd ELLIOTT, Defendant-Appellant.
No. 16,558-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*1145 Hunter & Scott by Louis G. Scott, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Geary S. Aycock, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, FRED W. JONES and LINDSAY, JJ.
HALL, Judge.
The defendant, Randy Floyd Elliott, and several codefendants, Michael Wayne Jackson, Calvin Dixon, Jr., John Henry Green, Johnny Ray Curry, and Michael Wayne Tillman, were charged by bill of information with willfully and unlawfully introducing contraband into a penal institution in violation of LSA-R.S. 14:402. The charge against Dixon was dismissed. Jackson, Green, Curry, and Tillman plead guilty to the offense of simple escape, LSA-R.S. 14:110. Defendants Jackson, Green, and Tillman received a sentence of six months in the Ouachita Parish Jail. Defendant Curry received a sentence of five months in the Ouachita Parish Jail. Defendant Elliott went to trial on the charge and was found guilty as charged by a jury of six persons. The trial court sentenced defendant Elliott to serve twelve months at hard labor. Defendant Elliott now appeals, contending that there was insufficient evidence to convict him of the crime charged and that the trial court imposed an excessive sentence. *1146 Finding no merit to defendant's assignments of error, we affirm.
On January 1, 1983, defendant Elliott and the other codefendants broke a window in Dormitory A of the Ouachita Correctional Center. The defendants exited through the window, climbed two 12 foot chain link fences, and escaped. While outside the prison facility, the defendants purchased liquor. The defendants then reentered the correctional center by climbing the two chain link fences and reentering the broken window.
In his brief, defendant Elliott maintains that he was not guilty of the crime charged. The defendant contends that his position is supported by all the individuals who had admitted guilt and testified in his behalf at trial.
It is well settled that in reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under that standard, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Smith, 441 So.2d 739 (La.1983).
Under LSA-C.Cr.P. Art. 914.1, the party making the motion for appeal shall request that portion of the proceedings necessary for review in light of the assignments of error to be urged. Only that which is in the record may be reviewed by the court on appeal. State v. Oubichon, 422 So.2d 1140 (La.1982); State v. LeBlanc, 367 So.2d 335 (La.1979); State v. Augustine, 252 La. 983, 215 So.2d 634 (1968); State v. Booth, 448 So.2d 1363 (La. App. 2d Cir.1984).
In the present case, the defendant only designated the testimony of three defense witnesses. In order to review the sufficiency of the evidence upon which the conviction is based, it is essential that the record include all testimony and evidence presented by the state. The Jackson v. Virginia standard requires the appellate court to view the evidence in the light most favorable to the state in order to determine whether the state carried its burden of proving the defendant's guilt beyond a reasonable doubt. Without the state's evidence, appellate review of the sufficiency of the evidence is not possible. The defendant has failed to perfect this assignment of error for appellate review by failing to designate those portions of the proceeding necessary for review. The assignment of error relating to the sufficiency of the evidence is, therefore, without merit.
The defendant contends that the trial court erred in imposing an excessive sentence. Under LSA-R.S. 14:402, the maximum possible sentence the defendant could have received for his conviction is five years at hard labor. The trial court sentenced the defendant to serve twelve months at hard labor.
The defendant contends that the sentence imposed was grossly out of proportion to the severity of the crime and is nothing more than a purposeless and needless imposition of pain and suffering. Additionally, defendant contends that his sentence is disproportionately heavier than the sentences imposed for his codefendants.
A sentence is unconstitutionally excessive in violation of Art. 1, Sec. 20 of the Louisiana Constitution where it is grossly out of proportion to the severity of the crime or where it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence greater than one received by another defendant for the same crime does not render the sentence cruel and unusual. State v. Labure, 427 So.2d 855 (La.1983); State v. Blue, 315 So.2d 281 (La.1975); State v. Cook, 465 So.2d 825 (La.App. 2d Cir.1985)]. There is nothing in the law that requires a sentencing judge to treat codefendants equally. *1147 State v. Quimby, 419 So.2d 951 (La.1982); State v. Rogers, 405 So.2d 829 (La.1981). To the contrary, in State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court stated:
In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intends that the judge shall exercise his sentencing discretion to impose sentences gradated according to individualized circumstances of the offense and the offender.
At the defendant's sentencing hearing, the trial court reviewed the defendant's presentence report with the defendant. According to the PSI, the defendant is twenty-one years of age and was, born in Sterlington, Louisiana on June 16, 1962. The defendant and his family moved from Sterlington to Monroe when he defendant was fourteen years of age. The defendant went to high school and completed the tenth grade. The defendant did not graduate. The report reflected that the defendant's main problem in school was nonattendance. The defendant has had several part-time jobs and is presently working as a handy man.
The defendant's record of prior offenses reflect convictions of attempted theft and unauthorized use of a movable.
In sentencing the defendant, the trial court found that the defendant's conduct caused or threatened serious harm in that the correctional center cannot tolerate drunk inmates. The court found that the defendant should have contemplated the consequences of his actions. The court found that the defendant's two prior misdemeanor convictions were not too terribly bad at this point. The court found that the bad thing about the defendant's record is that the defendant was awaiting trial on one of the charges when he committed the present offense. Due to the fact that the defendant committed the present crime while awaiting trial on another charge indicated that the defendant would not respond affirmatively to probationary treatment. The trial court reviewed the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1 with the defendant and found that a probated sentence is not justified under the circumstances of the defendant's case. Therefore, the court sentenced the defendant to serve twelve months at hard labor in the Department of Corrections.
The record reflects that the trial court complied with LSA-C.Cr.P. Art. 894.1 in articulating its reasons for the sentence imposed. The trial court is correct in concluding that the fact that the defendant committed the crime while incarcerated awaiting trial on another crime indicates that he is not likely to benefit from probationary treatment.
The disparity between the defendant's sentence and his codefendant's is justified by the fact that the codefendants entered into a plea bargain with the state and pled guilty to a misdemeanor, simple escape, whereas defendant was tried and convicted of a felony. The trial court correctly sentenced the defendant according to the individualized circumstances of the present offense and the present offender.
We agree with the trial court that correctional institutions cannot tolerate inmates breaking out of prison, obtaining alcohol, and returning to the prison to become intoxicated. Although the defendant's actions did not cause any physical harm to any other persons, the presence of drunken inmates can be a very serious threat to other inmates and prison officials. Therefore, we find that the sentence imposed is not grossly out of proportion to the severity of the crime nor is it a purposeless and needless imposition of pain and suffering. Therefore, this assignment of error is without merit.

DECREE
Finding no merit to defendant's assignments of error, the defendant's conviction and sentence are affirmed.
AFFIRMED.