PER CURIAM.
The defendant, Sylvester Lee Williams, was charged by bill of information with introduction of contraband into a penal institution, in violation of LSA-R.S. 14:402. After waiving his right to trial by jury, the defendant was found guilty as charged by the trial court. He was subsequently sentenced to a term of five years imprisonment at hard labor, the maximum authorized for this offense. The defendant now appeals arguing that the sentence imposed upon him was unconstitutionally excessive.* Finding no merit to the defendant’s argument, we affirm his sentence.
The transcript of the sentencing hearing reflects that the defendant was serving time in the Ouachita Parish jail as a condition of probation for previous convictions of three counts of distribution of marijuana. At the time of this offense, defendant had been in jail about five months, during which time he had earned the status of a trustee and was working at the Ouachita Parish Courthouse. On August 10, 1984, the officers at the correctional center received information from an reliable confidential informant that the defendant was coming back to the jail with a controlled dangerous substance on his person. When the defendant got back to the center, a search of his person located a tobacco cigarette sprinkled with Phencyclidine (PCP) in his shoe, resulting in the instant charge.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as *646 excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 438 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied, 438 So.2d 1112 (La. 1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
In his only assignment of error, defendant contends that only a very small amount of PCP was found on his person, which indicates that he was not going to distribute it. Defendant thus argues that considering the small amount of the drug found on his person, that the five year maximum sentence imposed for this offense was excessive.
The record reveals that the trial court thoroughly considered the aggravating and mitigating circumstances listed in LSA-C. Cr.P. Art. 894.1, in addition to other factors associated with the defendant. In sentencing the defendant, the trial court averted to the defendant’s past criminal record. The trial court noted that at the time the present offense was committed, the defendant was serving time in jail as a condition of probation for his previous convictions of three counts of distribution of marijuana. As such, defendant was a second felony offender, and therefore was not eligible for probation. The pre-sentence investigation also revealed convictions for various misdemeanors and traffic offenses.
The trial court also noted that the defendant had a history of involvement with drugs. The trial court stated that as early as 1974, the defendant was charged with attempted possession of marijuana, and in 1979 the defendant was charged with possession of marijuana with intent to distribute. Although both of these charges were dropped, the trial court determined that defendant’s subsequent distribution conviction, as well as the present offense, indicated that the defendant had not benefitted from previous contacts with the legal system and that the defendant was determined to continue his involvement with controlled dangerous substances. Thus, the trial court concluded that there was an undue risk that the defendant would commit other criminal acts if not incarcerated, found no mitigating factors present in the defendant’s favor, and concluded that a period of correctional treatment was required.
The small quantity of PCP found on defendant’s person does not minimize the seriousness of defendant’s offense. LSA-R.S. 14:402 was enacted for the purpose of fostering inmate and institutional security, and a violation of its terms is a serious offense, posing a grave threat to other inmates and prison officials. State v. Elliott, 467 So.2d 1144 (La.App. 2d Cir.1985); State v. Lawson, 434 So.2d 490 (La.App. 2d Cir.1983).
Furthermore, defendant’s conduct could have resulted in a charge of possession of Phencyclidine in violation of LSA-R.S. 40:966. That offense carries a possible sentence of up to ten years at hard labor and/or a $5,000 fine, more than twice the maximum sentence available under the statute applied here.
Considering the defendant’s past criminal record, the defendant’s status as a second felony offender, the defendant’s failure *647 to previously respond favorably to probationary treatment, and the lack of mitigating factors, we conclude that the sentence imposed is not excessive. Accordingly, the defendant’s sentence is affirmed.
AFFIRMED.

 Note that the defendant was charged under provisions of LSA-R.S. 14:402 which were not affected by the Louisiana Supreme Court determination in State v. Taylor, 479 So.2d 339 (La. 1985), that the first sentence of § 402A was unconstitutional. See also State v. Turner, 392 So.2d 436 (La.1980); and State v. Morgan, 238 La. 829, 116 So.2d 682 (1960).