LABORDE, Judge.
Defendant, Judy Lynn McNeil, was charged by bill of information with introducing contraband into a parish jail, a violation of La.R.S. 14:402. Counsel was appointed to represent defendant and she pled not guilty. Subsequently, pursuant to a plea agreement, defendant withdrew her former plea and entered a plea of guilty of attempted introduction of contraband into a parish jail. Defendant was then sentenced to serve eighteen months at hard labor with the Department of Corrections. Defendant now appeals asserting two assignments of error. We affirm.
FACTS
Defendant’s boyfriend, Mark Battista, was incarcerated in the Beauregard Parish jail. He apparently requested that she provide him with some marijuana. Defendant placed small amounts of marijuana inside the hollow portions of four felt-tip pens and mailed them to the jail for delivery to Bat-tista. The Sheriffs Office learned of the plot and intercepted the package before Battista was able to receive it. The package was inspected and the marijuana discovered. The defendant was subsequently arrested in West Carroll Parish and she confessed to committing the offense.
ASSIGNMENTS OF ERROR
Defendant asserts that the trial court erred in failing to properly apply the sentencing guidelines of La.C.Cr.P. art. 894.1 and in sentencing her to an excessive sentence.
La.C.Cr.P. art. 894.1 provides the criteria for determining whether a sentence is excessive and mandates that the trial “court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” The sentencing judge need not articulate every mitigating and aggravating circumstance, however the record should reflect that the judge properly considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921, 925 (La.App. 3d Cir.1987). Important elements which must be considered are the convict’s personal history, prior criminal record, seriousness of the particular offense, and likelihood of rehabilitation or recidivism. State v. Soco, 441 So.2d 719, 720 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987). Failure to adequately comply with the art. 894.1 guidelines does not necessitate vacating the sentence or warrant a remand for resentencing if the record supports the sentencing choice. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
The record supports that the sentencing judge in this matter thoroughly set forth the factors influencing his sentencing choice. At the time of sentencing defendant was thirty-one years old. She had lived in northern Louisiana and in Mississippi. She dropped out of high school in the tenth grade and received a GED in 1978. She is a beautician who is licensed in Louisiana, but is attempting to go into business in Mississippi. She has been married and divorced three times. Defendant’s first marriage was at the age of sixteen and she has one child from that marriage. That child lives with the paternal grandparents and defendant has weekend visitation rights.
It was noted that defendant had been arrested several times, however she was never convicted. Some of these arrests were drug related. The trial court can consider arrests, not just convictions, in determining the appropriate sentence. State v. Brown, 410 So.2d 1043, 1044-1045 (La.1982).
Defendant admitted to regularly using marijuana since she was twenty-one years *70 old. She also admitted to using methamphetamine (which her boyfriend was incarcerated for possessing). She claims that she no longer uses marijuana or methamphetamine.
In considering these factors, the trial judge emphasized the seriousness of the possession of narcotics along with the problems related to introducing them into the volatile environment of a jail. He did acknowledge that defendant may have felt that she was showing her love for her boyfriend by committing this' crime, but also stated that the method by which she committed the crime showed criminal ingenuity and lack of respect for the law. The judge also mentioned that the defendant had escaped prior brushes with the law with impunity and that the commission of such a serious and disrespectful breach of the law favored imposing a prison term rather than a suspended sentence. After reviewing the reasons given by the trial judge, we hold that he did, in fact, properly comply with the sentencing guidelines of art. 894.1.
The Louisiana Constitution of 1974, Art. I § 20 prohibits the imposition of cruel, unusual or excessive sentences. Even a sentence within the statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762, 764 (La.1979). A sentence is deemed excessive if it: (1) makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Landry, 502 So.2d 281, 290 (La.App. 3d Cir.), writ denied, 508 So.2d 63 (La.1987). The trial court is given wide discretion in imposing a sentence and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210, 1217 (La.1982).
Defendant’s violation of La.R.S. 14:402 subjected her to a maximum sentence of five years. Since she pled guilty to attempted violation of this statute, the maximum potential sentence that she faced was 2½ years in prison. See La.R.S.' 14:27(D)(3). A review of the jurisprudence involving sentences imposed under La.R.S. 14:402, supports the sentence imposed in the present case. In State v. Balser, 460 So.2d 74 (La.App. 1st Cir.1984), a six month sentence was imposed upon a defendant who brought marijuana into a prison. In State v. Gibson, 458 So.2d 525 (La.App. 4th Cir.1984), a one year sentence was imposed for the same crime. In State v. Elliott, 467 So.2d 1144 (La.App. 2d Cir.1985), a one year sentence was imposed on a defendant who brought liquor into a jail. Finally, in State v. Williams, 490 So.2d 645 (La.App. 2d Cir.1986), a trustee on probation for previous drug distribution was sentenced to five years at hard labor for bringing a cigarette laced with PCP into a jail.
In the present matter, the trial judge weighed all relevant facts and sentenced the defendant to eighteen months at hard labor. This sentence is slightly more than the midpoint of the sentencing range. Although this first offender acting on the wishes of her boyfriend elicits some sympathy, we hold that the trial judge did not abuse his sentencing discretion. Thus the sentence imposed by the trial judge is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the affirmation.