VICTORY, Judge.
Defendant, Kenneth London, appeals as excessive a three-year hard labor sentence following his plea of guilty to bringing alcohol into the parish jail in violation of LSA-R.S. 14:402 E. Finding his sentence excessive, we remand for sentencing.
FACTS
Defendant, convicted of simple burglary and three counts of misdemeanor' theft, was serving sentences of five years at hard labor and six months in the parish jail respectively in the Caldwell Parish Jail.[1] While working as a trusty on June 2, 1990, he was caught smuggling tequila into the jail,[2] and was charged with, and subsequently pled guilty to, violating LSA-R.S. 14:402 E, introducing contraband, namely alcohol, into the parish jail. He was later sentenced to serve three years at hard labor to run consecutively with any other sentence. Defendant’s only claim is that his three-year sentence is excessive.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 400 So.2d 889 (La.1981); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988). Although a sentence is within the statutory limits, it may still violate the defendant’s constitutional right against excessive punishment. State v. Hogan, supra.
DISCUSSION
The record reflects adequate compliance with LSA-C.Cr.P. Art. 894.1. Al *626 though the trial judge did not specifically refer to the defendant’s age and family history, the PSI reflects that defendant is unmarried, 30 years old, and without dependents. He dropped out of high school after completing the eleventh grade and has a poor employment record. Because of his history and status as a second felony offender, the trial court found defendant was incapable of following society’s rules and in need of correctional treatment in a custodial environment, stating any lesser sentence than three years at hard labor would deprecate the seriousness of his offense.
LSA-R.S. 14:402 was enacted for the purpose of fostering inmate and institutional security and a violation of its terms is a serious offense, posing a grave threat to other inmates and prison officials. State v. Elliott, 467 So.2d 1144 (La.App. 2d Cir.1985); State v. Lawson, 434 So.2d 490 (La.App. 2d Cir.1983). The defendant’s violation of LSA-R.S. 14:402 subjected him to a sentence of imprisonment with or without hard labor for not more than five years.
Our review of similar cases under LSA-R.S. 14:402 indicates defendant’s three-year sentence is excessive. In State v. Williams, 490 So.2d 645 (La.App. 2d Cir.1986), a prison trusty serving . time for three convictions of distribution of marijuana was sentenced to five years at hard labor for bringing a cigarette laced with PCP into a jail. In State v. Lawson, supra, a three-year sentence was imposed on a defendant, previously convicted of burglary and felony theft, who brought marijuana into a prison. In State v. McNeil, 534 So.2d 68 (La.App. 3d Cir.1988), an 18-month sentence was imposed upon a defendant who attempted to smuggle marijuana into a parish prison to give to her boyfriend. In State v. Gibson, 458 So.2d 525 (La.App. 4th Cir.1984) and State v. Balser, 460 So.2d 74 (La.App. 1st Cir.1984), defendants were given one year and six months, respectively, for bringing marijuana into the jail.
In each of these cited cases, the defendant was convicted of bringing or attempting to bring controlled dangerous substances into a penal institution. Mere possession of such substances is illegal. In the present case, however, the defendant pleaded guilty to bringing alcohol onto the jail premises. Possession of alcohol is not per se illegal.
In State v. Elliott, supra, the only recently reported case we have found involving contraband alcohol, this court affirmed a one-year hard labor sentence for a defendant who, along with other inmates, broke out of the Ouachita Correctional Center, purchased alcohol, and then reentered the correctional center. Three co-defendants, who pled guilty, were given six month sentences. That we can find only one recently reported case of alcohol being brought into a prison or jail is a strong indication that most alcohol violations are handled administratively.
Among the range of items listed in § 402 E, alcohol appears to fall in the middle range, less serious than firearms, explosives, and knives, but more serious than food, clothing, or money. Thus, a three-year hard labor sentence would be appropriate for the worst type offender bringing alcohol into a jail, such as one with the worst category of criminal record, or someone caught bringing large quantities into the jail. The defendant is not the worst type offender, nor does the record reflect he was bringing large quantities of alcohol into the jail.
We have considered that jails are overcrowded due to having to keep serious offenders for the Department of Corrections, and that these conditions create a dangerous problem for local authorities. Bringing contraband, such as alcohol, into the jail is indeed a serious breach of security. We have also considered defendant’s history of alcohol and drug abuse, his criminal record, and his trusty status.
Although defendant’s sentence is less than the five-year maximum sentence allowed by law, his three-year sentence shocks our sense of justice. To us, it is grossly out of proportion to the severity of the crime. Under the controlling jurisprudence and the circumstances presented here, the maximum sentence for this of *627 fense for this offender which would not be excessive under the Louisiana Constitution is two years at hard labor.
DECREE
Accordingly, we affirm defendant’s conviction but reverse his sentence and remand for resentencing consistent with this opinion.
REVERSED AND REMANDED.

. London was actually charged with several felonies but pled guilty to simple burglary and three counts of misdemeanor theft by agreement of the State.

. The PSI indicates that he brought gin and tequila into the jail.