BROWN, Judge,
dissenting.
LSA-R.S. 14:402 was enacted for the purpose of promoting inmate and institutional security and a violation of its terms is a serious offense, posing a grave threat to other inmates and prison officials. State v. Elliott, 467 So.2d 1144 (La.App. 2d Cir.1985) and State v. Lawson, 434 So.2d 490 (La.App. 2d Cir.1983). A violation of LSA-R.S. 14:402 is particularly threatening at parish jails which are overcrowded with serious offenders who create a dangerous problem for local authorities.
Kenneth London was a 30 year old trusty having been sentenced to five years at hard labor for simple burglary. This sentence was part of a plea agreement that resulted in London avoiding prosecution for several felonies. London, who abused alcohol and drugs, had received in the past much consideration from his family, law enforcement and the court. Becoming a trusty was an additional break which London disregarded by smuggling contraband into the jail.
In the present case, the trial court weighed all relevant facts and sentenced the defendant to three years at hard labor. This sentence is less than the maximum sentence allowed. Bringing contraband, such as alcohol, into the jail is a serious breach of security. Considering London’s history of alcohol and drug abuse along with his criminal record, this sentence does not shock my sense of justice. It is not grossly out of proportion to the severity of the crime nor is it a purposeless and needless imposition of pain and suffering.
The trial court understood London’s habitual problems and local conditions. The trial court is and should be given broad discretion in sentencing. It is difficult to grasp the majority’s determination that three years is an abuse of discretion, while two years is permissible. I dissent and would affirm the sentence.