CRAIN, Judge.
The defendant, Dennis Boudreaux, was charged by bill of information with possession of contraband in a penal institution, a violation of LSA-R.S. 14:402. He pled not guilty and, after trial by jury, was found guilty as charged. The trial court sentenced the defendant to two and one-half years imprisonment in the parish jail with credit for time served on this particular charge. The defendant has appealed, urging two assignments of error:
1. There was insufficient evidence presented at the trial to establish beyond a reasonable doubt that the defendant was guilty of possession of contraband in a penal institution.
2. The sentence imposed upon the defendant is unconstitutionally cruel, unusual and excessive under both the United States Constitution and the Louisiana Constitution.
On April 26, 1991, the defendant, while imprisoned at the Lafourche Parish Jail, was found to be in possession of a pocket knife. The knife was discovered sewn into the sole of the defendant’s shoe (a flip-flop) after two inmates complained that the defendant was in possession of a knife and had threatened them with the knife. War-, den Leron LeCompte of the Lafourche Parish Jail testified that another inmate informed him that the knife was located inside the defendant’s shoe. The shoe in which the knife was found was determined *181 to belong to the defendant, particularly since the defendant’s nickname, “Hippie,” was written on the side of the shoe.
ASSIGNMENT OF ERROR NUMBER ONE:
The defendant contends in his first assignment of error that there was insufficient evidence presented at trial to establish beyond a reasonable doubt that he was guilty of possession of contraband in a penal institution. Initially, we note that, in order to challenge a conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The defendant claims that the two witnesses who testified that they saw the defendant with the knife were lying. He also alleges that, because the other witnesses never testified that they saw the defendant with the knife, his guilt was not proved beyond a reasonable doubt.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La. 1990). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
As the trier of fact, the jury was free to accept or reject,-in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38. On appeal, this Court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder’s determination of guilt. State v. Creel, 540 So.2d 511, 514 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La. 1989).
LSA-R.S. 14:402 provides, in pertinent part:
No person shall possess contraband upon the grounds of any state correctional institution.
[[Image here]]
‘Contraband’ as used herein means:
* * * * * M
A dangerous weapon, or other instrumentality customarily used or intended for probable use as a dangerous weapon or to aid in an escape, unless authorized by the warden of the institution.
In the instant case, Jerome Francis and Gerald Duncan testified that they were both imprisoned in the same cell block with the defendant at the Lafourche Parish jail. They stated that they saw the defendant in the possession of a knife while he was an inmate in the jail, and the defendant had threatened each of them with the knife. Both witnesses identified the knife and the defendant’s shoes and confirmed that the defendant’s nickname is “Hippie.”
Deputy Labit testified that, during a search for weapons, he found the defendant’s pair of shoes which contained the knife. He identified the shoes and testified that whenever he saw the defendant he was wearing the shoes. He also stated that the shoes had the defendant’s nickname, “Hippie,” written on their side.
Deputy Thomas Ditucci identified the defendant’s shoes and noted that he had pre *182 viously seen the defendant wearing the shoes. Deputy Brett Theriot testified that, when he seized the shoes, the sole of one the shoes was sewn together with string. He took the shoes to the jail’s warden, who cut the string and located the knife inside one of the shoes. Theriot identified the knife and the defendant’s shoes. He stated that he was able to identify the shoes as belonging to the defendant because he regularly saw the defendant wearing the shoes. Theriot also testified that the defendant stated that he would have given Theriot the knife the first time he asked for it had another deputy not been in the room.
Warden Leroy LeCompte testified that he received several complaints from various prisoners concerning the defendant’s possession of a knife. The warden stated that an inmate informed him that the defendant had a knife in his shoe. After a search, the pair of shoes was discovered and a knife was located inside one of the shoes. The warden testified that he never authorized the defendant’s possession of a knife in the jail.
The instant guilty verdict indicates that the jurors accepted the testimony of the State’s witnesses, and we refuse to assess the credibility of the witnesses or reweigh the evidence. Furthermore, after a careful review of the record we conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the State proved the elements of the offense beyond a reasonable doubt. Therefore, we find this assignment of error to be meritless. ASSIGNMENT OF ERROR NUMBER TWO:
In his second assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 582 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
In imposing sentence, the trial court considered the facts of the instant offense and the defendant’s criminal record. The court stated that the defendant was twenty-five years of age, single and had no dependents. The court further expressed that the defendant was convicted of a very serious crime and had a “terrible” criminal record. Considering the above, we find that the trial court adequately complied with the Article 894.1 guidelines.
We do not find the sentence in this case to be excessive. For his conviction of possession of contraband in a penal institution, the defendant was exposed to a maximum sentence of five years with or without hard labor. See LSA-R.S. 14:402 G. The defendant’s sentence of two and one-half years in the parish jail is well within the statutory limits and does not appear to be grossly disproportionate to the offense committed. Furthermore, according to the trial court, the defendant’s criminal record consists of numerous arrests and convictions. Under these circumstances, we find no abuse of discretion by the trial court in the sentence imposed. Thus, we find this assignment of error to be without merit.
CONVICTION AND SENTENCE AFFIRMED.