| STATE OF LOUISIANA | NO. 23-KA-473 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| MICHAEL ANTHONY SHORT | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 19-6094, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

September 10, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM**
**COMMITMENT ORDER**
    **TSM**
    **MEJ**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Monique D. Nolan
     Kristen Landrieu
     Gabrielle Hosli

COUNSEL FOR DEFENDANT/APPELLANT,
MICHAEL ANTHONY SHORT
     Bertha M. Hillman

**MARCEL, J.**

Defendant, Michael Anthony Short, appeals his sentence for one count of introducing or possessing contraband in a correctional institution in violation of La. R.S. 14:402. For the following reasons, we affirm defendant's sentence. However, we remand the matter for correction of the Uniform Commitment Order as set forth in our error patent review.

## PROCEDURAL HISTORY

This is defendant's second appeal. The following statement of the case is taken in part from our opinion rendered in the prior appeal. *See State v. Short*, 22-263 (La. App. 5 Cir. 2/27/23), 359 So.3d 1004.

> On February 14, 2020, the Jefferson Parish District Attorney filed a bill of information charging defendant, Michael Anthony Short, with one count of introducing or possessing contraband in the form of a makeshift weapon into the Jefferson Parish Correctional Center, a violation of La. R.S. 14:402. Defendant pled not guilty. On April 21, 2022, a six-person jury unanimously found defendant guilty as charged.
>
> On April 27, 2022, before sentencing, defendant filed a Motion for New Trial and a Motion for Post-Verdict Judgment of Acquittal. At the sentencing hearing later the same day, the trial court sentenced defendant to ten years in the Department of Corrections. Immediately after sentencing, the trial court denied defendant's motion for new trial and motion for post-verdict judgment of acquittal. Defendant objected, and on May 2, 2022, he filed a Motion for Reconsideration of Sentence and a Motion for Appeal. On May 4, 2022, the trial court denied defendant's motion for reconsideration and granted his motion for appeal.

*Short*, 359 So.3d at 1005.

In his first appeal, defendant's sole assignment of error was that his sentence was constitutionally excessive. However, we pretermitted that assignment of error on finding the trial court erred when it imposed sentence before ruling on defendant's post-verdict judgment of acquittal and motion for new trial. Based on that finding, we vacated defendant's sentence as well as the trial court's rulings on

23-KA-473                                    1

the motions, and remanded for resentencing, preserving defendant's right to appeal any adverse rulings on his motions or the new sentence. *Id.*

On remand the trial court denied defendant's motion for post-verdict judgment of acquittal and motion for new trial, then proceeded to sentence defendant to ten years at hard labor. In this appeal, defendant challenges the excessiveness of the sentence imposed by the trial court.

## FACTS

A fight occurred between multiple inmates in a housing unit within the Jefferson Parish Correctional Center on September 19, 2019. Sergeant Jody Banks was assigned to inmate security at the Jefferson Parish Correctional Center on that day and testified at trial that the fight involved an attack on one inmate by other inmates. He observed lacerations across the face and hands of the inmate victim, which required attention at the medical unit. The inmate victim identified defendant as one of his attackers.

Sergeant Banks searched defendant's bunk area, where he found a toothbrush with an attached razor blade. He testified that the contraband was found beneath defendant's bunk, inside of defendant's legal work. When shown to inmates participating in the attack, defendant stated, "[T]hat's mine. That's from my bunk." However, at trial, defendant denied any involvement in the attack, claiming to be asleep in his bunk at the time of the incident. Defendant also denied admitting to Sergeant Banks that the toothbrush was his.

## DISCUSSION

In his only assignment of error, defendant avers the trial court erred when it imposed the maximum sentence of ten years for his conviction of introduction into or possession of contraband in a correctional institution. He argues that although his sentence is within the statutory limits, it is constitutionally excessive under the facts of this case and is grossly out of proportion to the severity of the crime.

Defendant further argues that the trial court did not give proper consideration to the guidelines of La. C.Cr.P. art. 894.1 because only one of the aggravating circumstances of the article applied to him and that the other nineteen did not. In response, the State argues defendant's sentence is not constitutionally excessive considering the contraband possessed by defendant (a make-shift knife/weapon) created a dangerous situation for prisoners and prison guards. The State also contends the trial judge thoroughly considered the aggravating and mitigating circumstances of La. C.Cr.P. art. 894.1 as evidenced by a finding of aggravating factors in his reasons for sentence.

Defendant was resentenced on April 26, 2023. At his resentencing hearing, the following dialogue took place between the trial judge and defendant:

THE COURT: Look, Mr. Short, I appreciate you telling me what you've been up to, and that's good for you, but you've already gotten a break from the D.A.'s Office.

DEFENDANT: Yes, sir.

THE COURT: You know, in a perfect world, you would have been multiple billed. I don't know why they're not multiple billing you, but that's not my business. So -- under a multiple bill, you'd be looking at twenty to forty –

DEFENDANT: Yes, sir.

THE COURT: -- and you wouldn't get good time. So, I mean, you got ten years, you know, that's your break. I mean, I hope you do real well in jail, I hope you do as many programs as you can, but I'm not going to change my sentence, not based on your record, especially simple burglaries. I think some of those simple burglaries were home burglaries, too, if I'm not mistaken, if remember the trial. But simple burglaries, those are victim crimes. Those are serious crimes. And, you know, we know what the problem is, you prob -- you got a drug habit.

DEFENDANT:     Drug addict, yes, sir, absolutely.

THE COURT:      So, you know, it's no secret.  Unless you kick the drugs, you're never going to better – you're never going to be okay.

DEFENDANT:     Yes, sir.

THE COURT:      So I hope you do that.  And I'm not going to change my ten-year sentence.  I think it's appropriate in this case given the facts of the case and given the defendant's record.  So, ten years.  That's without benefit.  Is that without benefit?

THE STATE:      No, sir.

Thereafter, the trial judge proceeded to sentence defendant to ten years at hard labor.[1]

La. C.Cr.P. art. 881.1(B) provides that a motion to reconsider "shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based."  La. C.Cr.P. art. 881.1(E) provides that the "[f]ailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based,

---

[1]Details as to defendant's original sentence are included below:
At his original sentencing, the trial judge asked the State for defendant's criminal history.  He then stated that given defendant's record and the fact that the State was not going to multiple bill him, he felt justified in giving him the maximum sentence.  "I normally don't hand out maximum sentences but in this case I feel that I'm justified to do so." He then stated,

> Given his record, and given the fact that you're not going to multiple bill him, I feel justified in giving him the maximum sentence of ten years.

> The fact that he was in prison when he was found in possession of a makeshift blade, a knife-like weapon, there was a fight right before he was found in possession of it where someone was using that weapon is what I gathered from the testimony

> I normally don't give out maximum sentences, but in this particular case I feel like I'm justified in doing so.  You got ten years Department of Corrections, Mr. Short.

> ***

> All right.  And let me just say that, after listening to the trial and listening to the defendant's testimony, I do believe the police officer's testimony.  I do believe the police officer's version of the offense that happened.  I do believe that there was a fight that day.  I do believe that the defendant was involved in the fight.  And I do believe that the defendant used that blade in the fight.  And I think it was an extremely dangerous situation that he put the prison guards in that day.  I mean, people got hurt -- someone got hurt and had to be rushed to the hospital.  And I think that he placed the prison guards in harm's way that day.  Therefore, I'm giving him the ten years.

including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Failure to make or file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only. *State v. Smith*, 16-406 (La. App. 5 Cir. 8/30/17), 227 So.3d 337, 363, *writs denied*, 17-1643 (La. 9/14/18), 252 So.3d 481, and 17-1660 (La. 9/14/18), 252 So.3d 482. Further, when the specific grounds for objection to the sentences, including alleged non-compliance with La. C.Cr.P. art. 894.1, are not specifically raised in the trial court, then these issues are not included in the bare review for constitutional excessiveness, and the defendant is precluded from raising these issues on appeal. *State v. Clark*, 19-518 (La. App. 5 Cir. 6/24/20), 296 So.3d 1281, 1291, *writ denied*, 21-62 (La. 3/9/21), 312 So.3d 585.

While defendant filed a motion to reconsider sentence after the imposition of his original sentence, which was vacated, he did not file a motion to reconsider sentence after resentencing on remand. Where a new sentence has been imposed following vacation of a prior sentence, the defendant is required to file a new motion for reconsideration of sentence in the trial court in order to preserve appellate review of the newly-imposed sentence. *State v. Evans*, 09-477 (La. App. 5 Cir. 12/29/09), 30 So.3d 958, 965, *writ denied*, 10-363 (La. 3/25/11), 61 So.3d 653 (citing *State v. Emerson*, 04-156 (La. App. 1 Cir. 10/29/04), 888 So.2d 975, 979-80, *writ denied*, 05-89 (La. 4/22/05), 899 So.2d 557). The court cannot assume that the defendant's objections to the earlier sentence are equally applicable to the new sentence imposed. *Id.* Also, defendant did not object or argue below regarding La. C.Cr.P. art. 894.1. As such, we limit review for constitutional excessiveness only.

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. *State v. Calloway*, 19-335 (La. App. 5 Cir. 12/30/19), 286 So.3d 1275, 1279, *writ denied*, 20-266 (La. 7/24/20), 299 So.3d 69. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. *State v. Woods*, 18-413 (La. App. 5 Cir. 12/19/18), 262 So.3d 455, 460.

According to La. C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. *Calloway, supra.* The relevant question on appeal is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *See State v. Dixon*, 19-7 (La. App. 5 Cir. 12/30/19), 289 So.3d 170, 174, *writ denied,* 20-143 (La. 7/17/20), 298 So.3d 176. The trial judge is afforded broad discretion in sentencing, and a reviewing court may not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D). The sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Hankton*, 20-388 (La. App. 5 Cir. 7/3/21), 325 So.3d 616, 623, *writ denied*, 21-1128 (La. 12/7/21), 328 So.3d 425.

In reviewing a trial court's sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. *Woods, supra*; *State v. Allen*, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 880. However, there is no requirement that specific matters be given

any particular weight at sentencing. *Woods*, *supra*. Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. *State v. Melgar*, 19-540 (La. App. 5 Cir. 4/30/20), 296 So.3d 1107, 1115.

In this case, defendant was convicted of one count of introducing or possessing contraband in a correctional institution in violation of La. R.S. 14:402, which at the time of offense provided:

> G. (1) Whoever violates any provision of this Section shall be fined not less than five hundred dollars and not more than ten thousand dollars and shall be imprisoned with or without hard labor for not more than ten years. Notwithstanding any other law to the contrary, whoever introduces contraband as defined in Paragraph (D)(1) of this Section, upon the grounds of any state correctional institution, or Paragraph (E)(5) of this Section, upon the grounds of any municipal or parish prison or jail, shall be punished in accordance with the penalties for the distribution of the controlled dangerous substance provided in R.S. 40:961 et seq.

The penalty for introducing or possessing contraband in a correctional institution provided a sentencing range of zero to ten years with or without hard labor and a fine of five hundred to ten thousand dollars. Defendant was sentenced to the maximum term of imprisonment for the conviction of introducing or possessing contraband in a correctional institution.

Upon review, we find that defendant's sentence is not constitutionally excessive. Considering the nature of the crime, the record indicates that when resentencing defendant, the trial judge referenced his original sentence and stated he was not going to change the ten-year-sentence originally imposed, given the facts of the case and defendant's record. At defendant's original sentencing, the trial judge stated that he believed the police officer's testimony that defendant used the makeshift blade in the fight and created an extremely dangerous situation where the victim was hurt and where he placed prison guards in harm's way. The

second circuit has stated that La. R.S. 14:402 was enacted "for the purpose of fostering inmate and institutional security and a violation of its terms is a serious offense, posing a grave threat to other inmates and prison officials." *See State v. Elliott,* 467 So.2d 1144, 1147 (La. App. 2 Cir. 1985); *State v. Lawson,* 434 So.2d 490 (La. App. 2 Cir. 1983). In the instant matter, the State presented evidence through Sergeant Banks' testimony that the victim was attacked by multiple inmates (one of which was defendant) and suffered lacerations to his hands and face which required medical treatment. The makeshift weapon was found with defendant's belongings, and defendant admitted it was his (although he testified that it was not his at trial).

As to the nature and background of defendant, this Court stated in *State v. Garrison,* 19-62 (La. App. 5 Cir. 4/23/20), 297 So.3d 190, 210, *writ denied,* 20-547 (La. 9/23/20), 301 So.3d 1190, *cert. denied,* -- U.S. --, 141 S.Ct. 2864, 210 L.Ed.2d 967 (2021), "A trial court should consider the defendant's personal history such as age, family ties, marital status, health, employment record, as well as his prior criminal record, seriousness of offense and the likelihood of rehabilitation in determining an appropriate sentence." (citing *State v. Pettus,* 10-777 (La. App. 5 Cir. 5/24/11), 68 So.3d 28, 30, *writ denied,* 11-1326 (La. 12/2/11), 76 So.3d 1176). The record reflects that defendant had a lengthy criminal history. The trial judge considered defendant's criminal history on the record in both his original sentence and in resentencing defendant. In resentencing defendant, the trial judge stated that although he was sentencing defendant to ten years, he was getting a "break" because he was not being multiple billed by the State. He stated that his burglaries were "victim crimes" and that they were serious.

In *State v. Boudreaux*, 612 So.2d 179 (La. App. 1 Cir. 1992), *writ denied*, 93-163 (La. 3/26/93), 614 So.2d 1253, cited to by the State, the defendant was sentenced to two and one-half years imprisonment for a violation of La. R.S.

14:402, for being in possession of a pocket knife that was sewn into the sole of his shoe while he was incarcerated. *Id.* at 180. At the time, the maximum sentence for a violation of the statute was five years imprisonment at hard labor. The appellate court found that the trial court considered the facts of the offense and the defendant's criminal record, including numerous arrests and convictions. The court found that the sentence was not grossly disproportionate under the circumstances. *Id.* at 182.

In *State v. Williams*, 490 So.2d 645 (La. App. 2 Cir. 1986) (*per curiam*), cited to by the State, the defendant was sentenced to five years imprisonment at hard labor, the maximum at the time, for a violation of La. R.S. 14:402. The defendant was serving time as a condition of probation for previous convictions. Based on information provided to officers by a confidential informant, the defendant was searched upon returning to jail from a trustee assignment. The defendant was found to be in possession of a tobacco cigarette sprinkled with PCP. *Id.* The defendant argued that the five-year maximum sentence was excessive, considering the very small amount of PCP found on his person. The appellate court found that the trial court thoroughly considered aggravating and mitigating circumstances under La. C.Cr.P. art. 894.1, considered the defendant's past criminal history and pre-sentence investigation, and concluded there was an "undue risk" that he would commit other criminal acts if not incarcerated. The appellate court stated that the small amount of PCP found on the defendant did not minimize the seriousness of the offense and relied on the purpose of La. R.S. 14:402's enactment. *Id.* (citing *Elliott*, *supra*; *Lawson*, *supra*). The appellate court concluded that the sentence imposed was not excessive. *Id.* at 647.

The Louisiana Supreme Court has stated, "While comparisons with other similar cases are useful in itself and sets the stage, …the focus of sentence review remains on the character and propensities of the offender and the circumstances of

the offense." *State v. LeBlanc*, 09-1355 (La. 7/6/10), 41 So.3d 1168, 1173 (citing *State v. Telsee,* 425 So.2d 1251 (La. 1983)). Furthermore, "[A]lthough a comparison of sentences imposed for similar crimes may provide guidance, '[i]t is well settled that sentences must be individualized to the particular offender and to the particular offense committed.'" *State v. Boudreaux*, 11-1345 (La. App. 4 Cir. 7/25/12), 98 So.3d 881, 891, *writ denied*, 12-1907 (La. 11/9/12), 100 So.3d 841 (citing *State v. Batiste*, 594 So.2d 1, 3 (La. App. 1 Cir. 1991)). Moreover, the relevant inquiry is not whether a different sentence might have been more appropriate but whether the district court abused its broad sentencing discretion. *State v. Smith,* 01-2574 (La. 1/14/03), 839 So.2d 1, 4.

In this mater, the trial court articulated the factual basis for determining the sentence imposed, including defendant's criminal history and lack of remorse for his wrongdoing. Defendant attempted to shift the blame and failed to take responsibility for his actions.

Considering, the harm caused by the contraband, the risk of harm to officers and other inmates by the presence of a makeshift knife in the correctional center, defendant's lack of remorse, failure to take responsibility, his previous criminal history, and the reason for which La. R.S. 14:402 was enacted, we find defendant's sentence was not constitutionally excessive. Defendant's sole assignment of error lacks merit.

**ERROR PATENT REVIEW**

The record was reviewed for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

There is a discrepancy between the uniform commitment order (UCO) and the transcript. As discussed, the sentence ordered by the court on April 27, 2022, was vacated by this Court. *See Short*, *supra*. Defendant was resentenced on April

26, 2023.  The UCO generated from the *nunc pro tunc* sentencing minute entry on May 2, 2023, provides that the sentence date is "4/27/22."  The sentence date column should contain the new resentence date of April 26, 2023.  *See State v. Davis*, 15-118 (La. App. 5 Cir. 6/30/15), 171 So.3d 1223, 1230, *writ denied*, 15-1492 (La. 9/22/17), 227 So.3d 820. We therefore remand the matter for correction of the UCO to correct the resentencing date.  We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the institution to which defendant has been sentenced and the Department of Corrections' legal department.

## CONCLUSION

Finding no merit to the assignment of error, we affirm defendant's sentence. We also remand for correction of the Uniform Commitment Order as set forth above.

**AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 10, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_CURTIS B. PURSELL_
CLERK OF COURT

## 23-KA-473

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)          THOMAS J. BUTLER (APPELLEE)                    BERTHA M. HILLMAN (APPELLANT)

**MAILED**
GABRIELLE HOSLI (APPELLEE)
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
KRISTEN LANDRIEU (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053